## Ex Parte Fletcher Way.

### No. 3317. Decided November 15, 1905.

**Costs in Examining Trial—Justice Court—Misdemeanor.**

There is no statute in Texas authorizing the justice of the peace to receive fees for holding examining trials in misdemeanor cases.

Appeal from the County Court of Travis. Tried below before Hon. John W. Hornsby.

Appeal from habeas corpus adjudging cost of examining court against relator.

The opinion states the case.

*Faulk & Patterson,* for appellant.—Huizar v. State, 63 S. W. Rep., 329; 11 vol. Enc. Law and Proc. 267; State v. Kinne, 41 N. H. 238; Huntingdon v. Commonwealth, 72 Pa., 80.

*Howard Martin,* Assistant Attorney-General, and *John W. Brady,* County Attorney, for the State.—Cited: Arts. 1092, 1127, 1128, 1129, 1132, Code Crim. Proc., Hogg v. State, 48 S. W .Rep., 580; Arbuthnot v. State, 38 Texas Crim. Rep., 509.

BROOKS, Judge.—Relator was arrested for theft of property under the value of $50. An examining trial was had before justice of the peace, in which costs aggregating $19.25 were incurred. Subsequently the county attorney took the affidavit filed in the examining trial before the justice of the peace, and filed an information with it in the county court, and prosecuted relator to conviction in the county court; and the costs of the examining trial were taxed as part of the costs in the county court. He sued out a writ of habeas corpus before John W. Hornsby, county judge of Travis County, and upon the hearing he was remanded to the custody of the officer, until the examining trial costs were paid as well as the other costs. From this judgment he appeals to this court.

There is no statute in Texas authorizing a justice of the peace to receive fees for holding examining trials in misdemeanor cases. In fact there is no legal necessity for such examining trial, under our Code of Criminal Procedure. The justice can take the affidavit, turn it over to the county attorney, upon which he can file an information in the county court, from which court a warrant could issue for the arrest of the accused, where he could be subsequently tried. This question was discussed in Huizar v. State, 63 S. W. Rep., 329. We there

hold that the justice of the peace was not entitled, under our statute, to fees for holding examining trials in misdemeanor cases. We accordingly hold that the costs in the county court should be retaxed, and that portion of the costs incurred in the examining trial eliminated; and thereafter appellant remanded to custody until the fine and costs are paid. The judgment is reversed and cause remanded.

*Reversed and remanded.*