### Bud Abbey v. The State.

#### No. 4535. Decided February 3, 1909.

**Aggravated Assault—Date—Complaint—Information—Motion in Arrest of Judgment.**

Where in a prosecution for aggravated assault the complaint was not sworn to at the time the information was filed, and no new information was filed after the complaint was sworn to, a motion in arrest of judgment should have been sustained.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jno. L. Terrell.

Appeal from a conviction of aggravated assault; penalty, sixty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of aggravated assault, and his punishment assessed at sixty days imprisonment in the county jail.

The complaint and information in this case were filed on December 26, 1907. The complaint, however, was not sworn to until September 9, 1908. No new information was filed after the complaint was sworn to. Appellant filed a motion on account of the defective complaint and information based thereon on the ground that the complaint was not sworn to at the time the information was filed. We think this motion was well taken, and should have been sustained. Before an information can be filed upon a complaint it must be sworn to.

There is no basis for the information save and except a valid complaint sworn to.

For the error of the court in failing to sustain the motion in arrest of judgment, the judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*