ETHEL SPROWLES v. THE STATE.

No. 1535. Decided January 31, 1912.

1.—Carrying Pistol—Complaint—Information—Filing.

Where the complaint and information were filed on the same day, but .the complaint was not sworn to until the next day after the filing, the information was not supported by the complaint.

2.—Same—Charge of Court—Practice on Appeal.

Where, upon trial of unlawfully carrying a pistol, no charge was asked or exceptions taken with reference to the court's refusal to submit defendant's theory of defense, the same could not be reviewed on appeal.

3.—Same—Posse—Defensive Theory.

Where defendant was summoned by the city marshal to· assist him to do police duty, who authorized him to carry arms, he is not guilty of a violation of the law, although he did not return the pistol to the person indicated by the marshal, but to another.

Appeal from the County Court of Grayson. Tried below before the Hon. J. Q. Adamson.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

*Cox & Cox,* for appellant.—On the question that defendant was authorized to carry a pistol: Waddell v. State, 37 Texas, 354.

On question of defective information: Thornberry v. State, 3 Texas Crim. App., 36; Johnson v. State, 17 id., 230; 21 id., 368.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The complaint, which forms the basis of the information, was filed on the 29th day of December, 1910, was sworn to on the 30th day of December, 1910, the day after the filing. The information was filed on the 29th of December, 1910, one day before the affidavit made to the complaint. It is a requisite, under the statute, that a complaint be made and filed before the information. An information without the supporting complaint can not form a pleading in a misdemeanor case. At the time the information was filed the complaint was not sworn to nor was the affidavit made to it' as shown by the jurat of the officer until the day after the filing of the information. This is not sufficient. Thornberry v. State, 3 Texas Crim. App., 36; Lanham v. State, 9 Texas Crim. App., 232; Jennings v. State, 30 Texas Crim. App., 428; Womack v. State, 31 Texas Crim. Rep., 41; Watson v. State, 45 S. W. Rep., 718.

2. It is urged for reversal that the appellant's side of the case was not submitted to the jury. The matter is not sufficiently presented to require the court to reverse inasmuch as charges were not asked and exceptions taken in such manner as the law requires in misdemeanor cases. The theory of the appellant was and he so testified that he was requested by the city marshal of Howe to assist him to do police duty, and assisted said marshal in so doing as city marshal on Friday night of the 25th of December, 1910. He asked a special charge submitting this theory which was refused. The court gave this charge: "Where a party has been deputized by an officer to execute any process, his authority to carry a pistol terminates when the purpose of his appointment has been accomplished. You are further instructed that the city marshal of Howe is a peace officer, and if you believe from the evidence that said city marshal summoned the defendant to his aid on the occasion, on which the defendant is alleged to have carried the pistol or if you have a reasonable doubt as to this, you will acquit him." This hardly presents to the jury appellant's side of the case. It does present the side of the State. Appellant's theory was that the marshal was having trouble on the night of the 25th of December, with some

parties or perhaps there was some drinking going on and wanted him to assist in keeping down trouble, and armed him· for this purpose and told appellant to leave the pistol at a certain place, or rather with Mr. Thompson on the following morning. Appellant says he did not see Mr. Thompson but left the pistol with Ross McCoy; from McCoy the marshal obtained the pistol subsequently. If appellant was summoned or authorized to assist in policing the town during Friday night, December 25, and was armed by the marshal for that purpose and was instructed to return the pistol next morning to Mr. Thompson, he would not be guilty of violating the law in carrying the pistol during the time which he was summoned or requested to act. The mere fact that he did not return it to Thompson would make no difference if at the end of the service he left it with Mr. McCoy; because he could not find the other man would not constitute him a violator of the law. The law should be applied to this phase of 'the evidence pertinently upon another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*