## JOHN HENRY THOMAS V. THE STATE.

No. 11013.    Delivered October 5, 1927.

**Carrying a Pistol—Complaint—Must Be Legally Verified.**

Where it was shown that a complaint was not sworn to before an officer authorized to administer oaths, but that it was signed by the stenographer of the County Attorney, this was insufficient, and appellant's motion to quash should have been sustained. See Art. 415, C. C. P., 1925. Following Thomas v. State, 296 S. W. 310.

Appeal from the County Court of Harrison County. Tried below before the Hon. Jno. W. Scott, Judge.

Appeal from a conviction for carrying a pistol, penalty confinement in the county jail for six months.

The opinion states the case.

*Hale, Scott, Carey & Hale,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is unlawfully carrying a pistol, the punishment confinement in the county jail for six months.

Appellant filed a motion in arrest of judgment, alleging in substance that the person making the complaint upon which the information was based did not make affidavit to the facts contained therein. The evidence heard by the court on the motion is without contradiction that the complaint was not sworn to before the County Attorney, and that the County Attorney's stenographer, in his absence, signed the County Attorney's name to the complaint and information.

A prosecution by information cannot be maintained in the absence of a written complaint duly verified. Art. 415, C. C. P., 1925; Thomas v. State, 296 S. W. 310.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.