## A. MURPHY V. THE STATE.

No. 18908.   Delivered March 31, 1937.

The opinion states the case.

*Ramsey & Ramsey* and *Joe J. Fisher,* all of San Augustine, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully carrying a pistol; penalty assessed at a fine of $100.00.

The prosecution is based upon a complaint and information.

In Bill of Exception No. 1, it is made to appear that the information charging the appellant with the offense was based upon the complaint of Jim Greer which was signed before W. H. Allen, deputy county clerk.   Upon the trial the appellant sought to prove that the complaint was not made under the oath of Jim Greer.   From the bill we quote:

"After so testifying, he (Allen) was asked the following question by Ben Ramsey, attorney for the defendant:

" 'Mr. Allen, state whether or not you swore Jim Greer to the complaint?'

"To which question the state's counsel objected, stating as grounds that the question called for irrelevant, incompetent

and immaterial matter that had no bearing whatever upon the issues involved in this case; and defendant's attorney stated and replied, that if allowed to answer such question, the witness would testify, and that such attorney expected by the answer of the witness, if allowed, to show that said witness would have testified as follows, to-wit: 'No, Mr. Greer never swore to the contents of the complaint. He signed his name to the complaint before me, *but he was not sworn.*'

"That the defendant was offering such evidence for the purpose of showing that the complaint in this case is defective in that it was not sworn to by Jim Greer before the witness, W. H. Allen, the party who took the complaint; and if the witness had been permitted to testify the defendant would have been able to show by his testimony that the prosecution of this defendant is based upon a complaint not duly verified, and therefore fatally defective."

The authenticity of the bill is supported by the certificate of the judge who presided at the trial.

We are constrained to conclude that in sustaining the State's objection without further inquiry into the facts an error was committed. The appellant should have been accorded the privilege of proving his contention that although Jim Greer signed the complaint he was not sworn thereto. A similar question was before the court in the case of Thomas v. State, 107 Texas Crim. Rep., 405.

The authorities on the subject all lead to the conclusion that the complaint is imperfect where it is shown that the person who made the affidavit was not sworn. See Branch's Ann. Tex. P. C., p. 248. The fact that there was a swearing may be shown by the jurat, which is the certificate of a competent administering officer that the writing was sworn to by the person who signed it. Texas Jur., Vol. 2, p. 355, sec. 17. The jurat of the officer is not only essential, but must be presumed to import verity to the extent of its declarations. Lanham v. State, 9 Texas Crim. App., 232. A complaint, reduced to writing and verified by affidavit before an officer authorized to administer oath, is made by statute an essential prerequisite for a prosecution by information.. Art. 415, C. C. P. See Stacy v. State, 96 Texas Crim. Rep., 499; Day v. State, 105 Texas Crim. Rep., 117; Abbey v. State, 55 Texas Crim. Rep., 232.

In Bill of Exception No. 2 complaint is made of the argument of the County Attorney wherein he said:

"Mr. Low testified that the pistol fell out on the table, and the defendant did not deny it."

It is contended that the argument mentioned was a reference to the failure of the appellant to take the stand and testify. We think the remark was violative of Art. 710, C. C. P., and that in failing to withdraw it from the consideration of the jury the learned trial judge fell into error.

Complaint is also made of another argument of the County Attorney which seems to be unsupported by the evidence and was prejudicial to the rights of the appellant.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*