## TOM COLBERT V. STATE.

No. 29,949. June 25, 1958.

*Richard D. Bird,* Childress, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the possession of whiskey in a dry area for the purpose of sale; the punishment, 60 days in jail and a fine of $500.00.

In view of our disposition of the case a recitation of the facts is unnecessary.

Appellant moved to quash the information on the ground that it was not supported by a valid complaint and did not meet the requirements of Art. 414 of the Code of Criminal Procedure. The motion was by the court overruled.

Bill of Exception No. 3 certifies that upon the hearing of the motion to quash, Sheriff Elmer Clark, whose name appears as complainant upon the complaint, testified that he signed the complaint but that he was not sworn either prior to, at the time or after signing the same.

It therefore appears that the information is based upon a complaint which was not sworn to by the complainant.

Art. 415, V.A.C.C.P., provides that no information shall be presented until affidavit has been made by some credible person charging the defendant with an offense.

A complaint which is not sworn to by the complainant is of no effect and will not support a prosecution by information. 12 Texas Jur., par. 257, page 583; Abbey v. State, 55 Texas Cr. Rep. 232, 115 S.W. 1191; Sprowles v. State, 65 Texas Cr. Rep. 96, 143 S.W. 622; Thomas v. State, 107 Texas Cr. Rep. 593, 298 S.W. 590; Murphy v. State, 132 Texas Cr. Rep. 202, 103 S.W. 2d 765 and Hernandez v. State, 146 Texas Cr. Rep. 196, 172 S.W. 2d 606.

The judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.