In Hines v. State, 168 Tex.Cr.R. 381, 327 S.W.2d 755, we held the bond—the condi-

tions of that obligation being identical to the one at bar—to be valid and binding on principal and sureties.

Finding no error, the judgment is in all things affirmed.

Cleopha DAVIS, Appellant,

v.

STATE of Texas, Appellee.

No. 33867.

Court of Criminal Appeals of Texas.

Nov. 15, 1961.

Florence, Garrison & Holt, by Lowell C. Holt, Gilmer, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is unlawful possession of wine in a dry area for the purpose of sale;

the punishment assessed by the jury, 90 days in jail and a fine of $250.

The complaint, regular on its face, purports to be signed by C. D. Matthews and sworn to before the County Attorney who presented the information.

Upon the trial, C. D. Matthews testified that he signed the complaint in the County Attorney's office, but did not swear to it.

Such evidence not being controverted, appellant moved to quash the complaint and information.

Art. 415, Vernon's Ann.C.C.P. provides that no information shall be presented until affidavit has been made by some credible person charging the defendant with an offense.

In the absence of a written complaint duly verified, the prosecution cannot be maintained. Thomas v. State, 107 Tex.Cr. R. 405, 296 S.W. 310.

The judgment is reversed and the prosecution ordered dismissed.