**George Robert CLARK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 40541.

Court of Criminal Appeals of Texas.

July 19, 1967.

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for aggravated assault upon a female; the punishment, four months in jail and a fine of $250.

Trial was before the court without a jury, upon appellant's plea of guilty.

Appellant was not represented by counsel at the trial but, after the entry of judgment and sentence, a motion signed by appellant and his counsel to set aside the judgment and sentence was filed in the cause.

In the motion, appellant alleged as grounds therefor that he was denied an examining trial; that he was denied counsel and also the right to call his attorney prior to being taken before the court; that he was not given the "statutory time required by law" to prepare for trial; that he was not given a jury trial and the record did not show that he waived his right to a trial by jury; that no announcement was made by either of the parties at the trial; that the complaint and the information were not read in open court; and that no evidence was offered by the state showing his guilt or innocence or that the offense occurred in Bailey County.

At the hearing on the motion, in which appellant was represented by counsel, it

was shown that—following his arrest on the charge—appellant was taken immediately before the county judge of Bailey County. A plea of not guilty was first entered by appellant and after bond was fixed he changed his plea to guilty. After judgment was rendered and sentence was pronounced, appellant expressed a desire to plead not guilty.

At the hearing, appellant testified in support of the allegations in his motion. He stated in his testimony that he did remember the court telling him that he had the right to "get" counsel but that he did not tell the court he did not want counsel.

The trial court certified, for purpose of the record, that at the trial he advised appellant of his right to an attorney, and that appellant indicated he did not want one. The court further certified that he went into the matter of appellant's rights to an examining trial, his right to a trial by jury, and that he, further, admonished appellant of the consequences of his plea.

 While no brief has been filed by appellant with the clerk of the trial court, as required by Sec. 9 of Art. 40.09, Vernon's Ann.C.C.P., we have reviewed, as unassigned error, under the authority of Sec. 13 of the statute, the court's action in refusing to set aside the conviction.

We do not construe Art. 16.01 of the 1965 Code as guaranteeing to an accused the right to an examining trial in a misdemeanor case. See: Ex parte Way, 48 Tex. Cr.R. 584, 89 S.W. 1075, wherein it was held that under the 1925 Code there was no necessity for an examining trial in a misdemeanor case. Further, there is no showing that appellant requested or was denied an examining trial.

In the absence of a showing that appellant was indigent, the court was under no duty to appoint counsel for him. Art. 26.04, V.A.C.C.P.

Considered as a whole, the record does not support appellant's contention that he was denied a trial by jury, or time to prepare for trial, or the right to obtain an attorney.

It was not incumbent upon the state to offer evidence of appellant's guilt or prove venue in Bailey County, upon his plea of guilty to the misdemeanor offense. Art. 27.14, V.A.C.C.P.; Palomo v. State, 157 Tex.Cr.R. 442, 249 S.W.2d 210.

It appears that appellant was informed of all his rights as required by Art. 15.17 of the Code.

Under the record, we perceive no error.

The judgment is affirmed.