Ex parte Charles Delmon **PEOPLES.**

No. 46443.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Charles Delmon Peoples, pro se.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an application for writ of habeas corpus brought by an inmate of the Department of Corrections. Petitioner's appeal was affirmed by this Court in Peoples v. State, 477 S.W.2d 889.

■ Petitioner contends that the indictment against him was void because Negroes were systematically excluded from the Taylor County Grand Jury Commission and from the Grand Jury itself. This contention is without merit. The record in petitioner's appeal conclusively shows that, during the pretrial hearing on this case, the trial court considered appellant's motion to quash and stated for the record:

"A motion to quash the indictment filed this date is denied, as the affidavit made in support of the motion is not true, in that the Grand Juror listed therein as Robert J. Brewster, should read Robert L. Brewster *is a member of the Negro race*, and served on the Grand Jury from which the indictment filed in this cause was returned."

Petitioner did not object to the trial court's statement of his own personal knowledge, and petitioner presented no further evidence of systematic exclusion. Under these circumstances, petitioner has not met his burden of proof necessary to sustain this contention. See Hardin v. State, Tex.Cr.App., 475 S.W.2d 254; Jaquez v. State, Tex.Cr.App., 473 S.W.2d 530, and Enriquez v. State, Tex.Cr.App., 429 S.W.2d 141.

■ Petitioner next challenges the validity of the search warrant used to search his home. It appears from the record on appeal that the affidavit for the search warrant was not contained in said record. Under these circumstances, this Court is unable to review this contention. See Townsend v. State, Tex.Cr.App., 481 S.W.2d 855; Satillan v. State, Tex.Cr.App., 470 S.W.2d 677; Doby v. State, Tex.Cr.App., 383 S.W.2d 418, cert. denied, 380 U.S. 920, 85 S.Ct. 914, 13 L.Ed.2d 804.

■ Petitioner further contends that the admission of the shotgun into evidence violated his Fourth Amendment rights to freedom from unreasonable searches and seizures. In view of the fact that this shotgun itself was seized as a result of the search warrant, and since the search warrant affidavit is not in this record, this contention cannot be reviewed.

We have reviewed petitioner's contention that he was deprived of the effectiveness of counsel on his original appeal and find no merit therein.

Application for writ of habeas corpus is denied.