**Louise Norcross WHEAT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51502.**

Court of Criminal Appeals of Texas.

May 19, 1976.

George E. Gilkerson, Lubbock, for appellant.

Ray D. Anderson, County Atty., Jim D. Rudd, Asst. County Atty., Brownfield, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction in a bench trial for driving a motor vehicle on a public highway while intoxicated. The punishment was assessed at thirty (30) days in the county jail and a fine of $100.00; however, probation was granted for a period of six (6) months.

The sufficiency of the evidence is not challenged. The sole ground of error[1] is that the affidavit or complaint upon which the information is based is fatally defective because it was not properly sworn to by the affiant as required by Article 21.22, Vernon's Ann.C.C.P.

The complaint appears regular on its face and appears to be properly sworn to by the affiant, who was later shown to be the arresting officer. Appellant acknowledges that the complaint is regular on its face, but contends the evidence at the hearing on the motion to quash the complaint rebuts

---

1. There was a second ground of error, but the same has been abandoned by both brief and in oral argument.

and overcomes the regularity of the complaint. He relies upon *Davis v. State*, 171 Tex.Cr.R. 400, 350 S.W.2d 934 (1961), and *Colbert v. State*, 166 Tex.Cr.R. 431, 314 S.W.2d 602 (1958).

 The defendant has the burden of proof on a motion to quash an indictment or complaint. *Simpson v. State*, 172 Tex.Cr.R. 264, 356 S.W.2d 146 (1962); *Ex parte Peoples*, 489 S.W.2d 908 (Tex.Cr.App.1973); *Worton v. State*, 492 S.W.2d 519 (Tex.Cr. App.1973). At the hearing on the motion to quash the only witness called in support of the motion was Carolyn Hiltbrunner, secretary to the County Attorney, who also was a notary public. She testified that Warren Yeager, the arresting officer, had appeared before her and signed the complaint in question. The record then reflects:

"Q All right. Did you at any time have him acknowledge it ___?

"A Yes, sir.

"Q Did you ask him whether or not he had signed it for the purposes and consideration expressed therein and in the capacity stated?

"A Yes, sir.

"Q All right. Was that the procedure you took?

"A Yes, sir.

"Q And this did occur on this occasion?

"A Yes, sir."

The appellant called no other witnesses, even though the arresting officer was present and the State offered no evidence.

Appellant contends that the court erred in overruling the motion to quash since the evidence showed the notary public had taken an "acknowledgement" as provided in Article 6603, Vernon's Ann.C.S.,[2] rather than the oath required on such complaint by Articles 2.04, 15.05 and 21.22, Vernon's Ann. C.C.P. In both *Davis* and *Colbert* it appeared the complaint was regular on its face, but the affiant testified that while he

signed the complaint he did not swear thereto. It was held in each case that the complaint was not a valid complaint and would not support the information.

 In the instant case the complaint was likewise regular on its face, but the affiant was not called as a witness as in the *Davis* and *Colbert* cases. Thus, there is no testimony from him that he did not swear thereto. The appellant relies upon the notary's testimony in answer to his questions, obviously framed with Article 6603, Vernon's Ann.C.S., in mind. Although she testified she took an "acknowledgement," at no time did she testify that she did not give the oath as required by law, nor was she asked. Assuming she understood the distinction between an oath and an acknowledgement and understood appellant's questions, the mere fact that she took an acknowledgement does not eliminate the possibility that she properly administered the oath to the affiant. We conclude the appellant did not sustain his burden of proof on his motion to quash and that the court did not err in overruling the same.

The ground of error is overruled.

The judgment is affirmed.

---

2. Article 6603, Vernon's Ann.C.S., states:

"The *acknowledgement* of an instrument of writing *for the purpose of being recorded* shall be by the grantor or person who executed the same appearing before some officer authorized *to take such acknowledgement,*

and stating that *he had executed the same for the consideration and purposes therein stated*; and the officer taking such acknowledgement shall make a certificate thereof, sign and seal the same with his seal of office." (Emphasis Supplied)