# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00408-CR

**Justin Wayne Gray, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY, NO. C-1-CR-08-222483**
**HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Justin Wayne Gray was convicted by a jury of the misdemeanor offense of driving with a suspended license and sentenced to 45 days in jail plus a $250.00 fine. This appeal followed. Gray, who has represented himself both at trial and on appeal, has filed a brief asserting ten issues.[1] We will affirm the judgment.

The jury heard evidence that on December 4, 2008, Officer Tammy Barrett of the Austin Police Department observed a vehicle exceeding the posted speed limit in a school zone. Barrett testified that she conducted a traffic stop on the vehicle and asked the driver for his

---

[1] Gray asks this Court to hold his brief to "less stringent standards" than a brief filed by a licensed attorney. We will construe the briefing rules liberally as we are required to do. *See* Tex. R. App. P. 38.9. However, a pro se appellant is required to comply with applicable laws and rules of procedure. *See Perez v. State*, 261 S.W.3d 760, 764 n.2 (Tex. App.—Houston [14th Dist.] 2008, pet ref'd).

license and insurance. According to Barrett, the driver responded, "I am Texas Republican solitary [or sovereignty]. I do not recognize this as a legal traffic stop." Barrett again asked for the driver's license and insurance, and the driver handed Barrett paperwork that included a name and date of birth. The name on the paperwork was Justin Gray. Barrett returned to her patrol car, requested backup, confirmed Gray's identity, and learned that Gray's license had been suspended. Once backup arrived, Barrett asked Gray to exit the vehicle and arrested him for driving with a suspended license. Gray was subsequently charged by information with that offense and brought to trial.

Prior to trial, Gray filed several motions with the trial court. These motions were based in part on various representations that Gray had made in a document that he styled an "Affidavit of Truth." In the affidavit, Gray contends that he is "not the person, 'JUSTIN WAYNE GRAY,' named on any papers submitted in this case," but instead "is a living, flesh and blood son of God by the Christian name of Justin Wayne Gray." Gray also referred to himself throughout his pleadings as a "sovereign man" and a "sovereign political power holder." Characterizing the criminal case against him as a lawsuit filed against a sovereign, Gray asserted that he has no contract or agreement with the State of Texas or Travis County, "is not a party of the body politic or corporate," and "has not joined in the above captioned suit." Gray also filed a document styled "Motions to Dismiss," in which Gray listed several reasons why he believed the case should be dismissed or the evidence suppressed, including "failure to establish probable cause for the traffic stop," failure of the State to "invoke jurisdiction," "failure to obtain and correct the true name of the Defendant," "failure to explain the nature and cause of the accusation," and a claim

2

that his arrest violated the war powers clause of the United States Constitution. Other motions and documents filed by Gray asserted that the case should be dismissed by "default" based on the failure of the State to respond to Gray's motions and pleadings. The trial court denied all of Gray's motions.

In his first and ninth issues, Gray asserts that he was entitled to a default judgment or a dismissal of the case by virtue of the State's failure to respond to his various motions and pleadings. In civil cases, when a defendant fails to file an answer to a plaintiff's petition, the plaintiff may be entitled to a default judgment. *See* Tex. R. Civ. P. 239. There is no such procedure in criminal cases. Nor is a criminal defendant entitled to a dismissal of the charges against him simply because the State fails to respond to the defendant's motions. *See State v. Mungia*, 119 S.W.3d 814, 816-17 (Tex. Crim. App. 2003) (explaining limited circumstances in which trial court may dismiss charging instrument without State's consent). In the motions filed in this case, the initial burden was on Gray to show that he was entitled to the relief he requested. *See, e.g.*, *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986); *Wheat v. State*, 537 S.W.2d 20, 21 (Tex. Crim. App. 1976). Gray made no such showing, and the assertions in his previously mentioned "Affidavit of Truth" would not entitle him to dismissal of the charges. We overrule Gray's first and ninth issues.

In his second issue, Gray asserts that the trial court erred in ignoring "14 counts of criminal complaints" that Gray had filed against various individuals and entities involved in this case, including the prosecutor, the arresting officer, and unspecified jailers at the Travis County jail. In the complaints, Gray alleged various unlawful actions by the officials, including an "abduction"

3

by the arresting officer, an "invasive and humiliating booking procedure" by the jailers, and "collusion" by the prosecutor "in the criminal act of secreting court documents from the clerk of the court." According to Gray, he filed these complaints with "the foreman of the Grand Jury" on June 9, 2008, the day before Gray's trial was scheduled to begin. When Gray brought these complaints to the attention of the trial court, he argued that the trial should not move forward until the complaints had been investigated. The trial court disagreed, stating, "They can be handled independently—they will be handled independently assuming the Grand Jury proceeds with an investigation." Gray made no objection to the trial court's decision to move forward with the trial as scheduled. Thus, he failed to preserve error. *See* Tex. R. App. P. 33.1. Moreover, even if error had been preserved, we could not conclude on this record that the trial court abused its discretion in refusing to continue the trial. *See Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). We overrule Gray's second issue.

In his third issue, Gray asserts that the trial court erred by presuming that a "sovereign man" is a "person" subject to the laws of the State of Texas. According to Gray, "sovereigns are excluded from all the statutes." Gray characterizes himself as a sovereign exempt from the laws of this State. We disagree. A "person," as that term is defined by statute, means an individual, corporation, or association. Tex. Penal Code Ann. § 1.07(38) (West Supp. 2009). An "individual" means a human being who is alive. *Id*. § 1.07(26). Gray is a person subject to the laws of this State. We overrule Gray's third issue.

In his fourth issue, Gray asserts that the trial court lacked personal and subject-matter jurisdiction. We disagree. "Under the explicit terms of the constitution itself, the mere presentment

of an information to a trial court invests that court with jurisdiction over the person of the defendant, regardless of any defect that might exist in the underlying complaint." *Aguilar v. State*, 846 S.W.2d 318, 320 (Tex. Crim. App. 1993) (citing Tex. Const. art. V, § 12(b)). Moreover, statutory county courts have subject-matter jurisdiction over misdemeanor offenses. *See* Tex. Gov't Code Ann. §§ 25.0003(a), 26.045(a) (West Supp. 2009). Gray was charged by information with the misdemeanor offense of driving while his license was suspended. *See* Tex. Transp. Code Ann. § 521.457(a)(2) (West Supp. 2009). Thus, the trial court had personal and subject-matter jurisdiction in this case. We overrule Gray's fourth issue.

In his fifth issue, Gray asserts that the trial court should have granted his motion to suppress evidence on the ground that the traffic stop and subsequent arrest was unlawful. Gray argues that there was no probable cause for the arrest and seizure because "there was no disturbance of the peace, felony, or warrant for such action." A trial court's ruling on a motion to suppress is reviewed on appeal for abuse of discretion. *See State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006). Here, Officer Barrett testified that Gray exceeded the posted speed limit in a school zone. Specifically, she testified that Gray was driving 44 miles per hour when the posted speed limit was 20 miles per hour. Thus, the trial court would not have abused its discretion in finding that Barrett had reasonable suspicion to conduct the traffic stop. *See Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Barrett further testified that, prior to arresting Gray, she had learned that Gray's driver's license had been suspended. Documentary evidence was also admitted that tended to show that Gray's license had in fact been suspended at the time of the traffic stop. Thus, the trial court would not have abused its discretion in finding that Barrett had

5

probable cause to arrest Gray for committing the offense of driving with a suspended license. *See Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). We overrule Gray's fifth issue.

In his sixth issue, Gray asserts that the trial court erred by denying his motion to dismiss on the ground that the State failed to obtain and correct "the true name of the Sovereign." According to Gray, "[t]he Sovereign has never been known as JUSTIN WADE GRADY[2] or JUSTIN WAYNE GRAY or any other *nom de guerre*, misnomer, mistaken identity, or an artificial entity." At a pretrial hearing, however, Gray acknowledged that his name is "Justin Wayne Gray." To the extent Gray is asserting error from the spelling of his name using all capital letters, we find this argument to be without merit. *See Fisher v. County of Williamson*, No. 03-05-00584-CV, 2006 Tex. App. LEXIS 5157, *7 (Tex. App.—Austin June 15, 2006, no pet.) (mem. op.). We overrule Gray's sixth issue.

In his seventh and eighth issues, Gray asserts that he was denied his right to an examining trial and that the trial court should have entered findings of fact and conclusions of law regarding Gray's right to an examining trial. However, an examining trial is not required in misdemeanor cases. *See* Tex. Code Crim. Proc. Ann. art. 16.01 (West 2005); *Clark v. State*, 417 S.W.2d 402, 403 (Tex. Crim. App. 1967). Additionally, in criminal cases, there are only limited circumstances in which the trial court is required to enter findings of fact and conclusions of law.

---

[2] The record reflects that at the beginning of the proceedings, the State misspelled Gray's middle and last names in the manner indicated above. However, Gray brought the misspelling to the attention of the trial court and the misspelling was subsequently corrected. The amended information, jury charge, and judgment of conviction all reflect the correct spelling of Gray's name.

*See, e.g.*, Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005). Such circumstances are not present here. We overrule Gray's seventh and eighth issues.

In his tenth issue, Gray asserts that the trial court erred in denying a defense challenge for cause during voir dire. Gray complains about veniremember number 12, who expressed his disagreement with one of the arguments Gray had raised during voir dire and also voiced frustration with pro se litigants in general. After the parties had exercised their peremptory strikes but before the jury was impaneled, Gray objected to the seating of the veniremember as follows: "I don't believe that [veniremember number 12] is going to be fair and impartial because he basically during the voir dire examination he said would be unfair." However, Gray did not specify in what ways he believed veniremember number 12 would be "unfair." Accordingly, Gray failed to assert a clear and specific challenge for cause and failed to preserve error. *See Gardner v. State*, 306 S.W.3d 274, 300 (Tex. Crim. App. 2009). Moreover, even if Gray had preserved error, we could not conclude on this record that the trial court clearly abused its discretion in denying Gray's challenge for cause. *See id*. at 295-96. During voir dire, Gray failed to further question the challenged veniremember about his comments or elicit responses regarding whether the challenged veniremember could follow the law regardless of his personal views. Thus, Gray did not meet his burden of showing that the challenged veniremember "understood the requirements of the law and could not overcome his prejudice well enough to follow the law." *See id*. at 295. We overrule Gray's tenth issue.

7

**CONCLUSION**

We affirm the judgment of the trial court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed:   August 18, 2010

Do Not Publish