TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00408-CR






Justin Wayne Gray, Appellant


v.


The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY, NO. C-1-CR-08-222483

HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant Justin Wayne Gray was convicted by a jury of the misdemeanor offense
of driving with a suspended license and sentenced to 45 days in jail plus a $250.00 fine. This appeal
followed. Gray, who has represented himself both at trial and on appeal, has filed a brief asserting
ten issues. (1) We will affirm the judgment.

 The jury heard evidence that on December 4, 2008, Officer Tammy Barrett of the
Austin Police Department observed a vehicle exceeding the posted speed limit in a school zone.
Barrett testified that she conducted a traffic stop on the vehicle and asked the driver for his
license and insurance. According to Barrett, the driver responded, "I am Texas Republican
solitary [or sovereignty]. I do not recognize this as a legal traffic stop." Barrett again asked for
the driver's license and insurance, and the driver handed Barrett paperwork that included a name
and date of birth. The name on the paperwork was Justin Gray. Barrett returned to her patrol car,
requested backup, confirmed Gray's identity, and learned that Gray's license had been suspended. 
Once backup arrived, Barrett asked Gray to exit the vehicle and arrested him for driving
with a suspended license. Gray was subsequently charged by information with that offense and
brought to trial. 

 Prior to trial, Gray filed several motions with the trial court. These motions
were based in part on various representations that Gray had made in a document that he styled an
"Affidavit of Truth." In the affidavit, Gray contends that he is "not the person, 'JUSTIN WAYNE
GRAY,' named on any papers submitted in this case," but instead "is a living, flesh and blood son
of God by the Christian name of Justin Wayne Gray." Gray also referred to himself throughout
his pleadings as a "sovereign man" and a "sovereign political power holder." Characterizing
the criminal case against him as a lawsuit filed against a sovereign, Gray asserted that he has no
contract or agreement with the State of Texas or Travis County, "is not a party of the body politic
or corporate," and "has not joined in the above captioned suit." Gray also filed a document styled
"Motions to Dismiss," in which Gray listed several reasons why he believed the case should
be dismissed or the evidence suppressed, including "failure to establish probable cause for the
traffic stop," failure of the State to "invoke jurisdiction," "failure to obtain and correct the true
name of the Defendant," "failure to explain the nature and cause of the accusation," and a claim
that his arrest violated the war powers clause of the United States Constitution. Other motions
and documents filed by Gray asserted that the case should be dismissed by "default" based on
the failure of the State to respond to Gray's motions and pleadings. The trial court denied all of
Gray's motions.

 In his first and ninth issues, Gray asserts that he was entitled to a default judgment
or a dismissal of the case by virtue of the State's failure to respond to his various motions and
pleadings. In civil cases, when a defendant fails to file an answer to a plaintiff's petition, the
plaintiff may be entitled to a default judgment. See Tex. R. Civ. P. 239. There is no such procedure
in criminal cases. Nor is a criminal defendant entitled to a dismissal of the charges against
him simply because the State fails to respond to the defendant's motions. See State v. Mungia,
119 S.W.3d 814, 816-17 (Tex. Crim. App. 2003) (explaining limited circumstances in which
trial court may dismiss charging instrument without State's consent). In the motions filed in this
case, the initial burden was on Gray to show that he was entitled to the relief he requested. See, e.g.,
Russell v. State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986); Wheat v. State, 537 S.W.2d 20,
21 (Tex. Crim. App. 1976). Gray made no such showing, and the assertions in his previously
mentioned "Affidavit of Truth" would not entitle him to dismissal of the charges. We overrule
Gray's first and ninth issues.

 In his second issue, Gray asserts that the trial court erred in ignoring "14 counts
of criminal complaints" that Gray had filed against various individuals and entities involved in this
case, including the prosecutor, the arresting officer, and unspecified jailers at the Travis County jail.
In the complaints, Gray alleged various unlawful actions by the officials, including an "abduction"
by the arresting officer, an "invasive and humiliating booking procedure" by the jailers, and
"collusion" by the prosecutor "in the criminal act of secreting court documents from the clerk of
the court." According to Gray, he filed these complaints with "the foreman of the Grand Jury"
on June 9, 2008, the day before Gray's trial was scheduled to begin. When Gray brought these
complaints to the attention of the trial court, he argued that the trial should not move forward
until the complaints had been investigated. The trial court disagreed, stating, "They can be handled
independently--they will be handled independently assuming the Grand Jury proceeds with an
investigation." Gray made no objection to the trial court's decision to move forward with the trial
as scheduled. Thus, he failed to preserve error. See Tex. R. App. P. 33.1. Moreover, even if error
had been preserved, we could not conclude on this record that the trial court abused its discretion in
refusing to continue the trial. See Gonzales v. State, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010).
We overrule Gray's second issue.

 In his third issue, Gray asserts that the trial court erred by presuming that a "sovereign
man" is a "person" subject to the laws of the State of Texas. According to Gray, "sovereigns
are excluded from all the statutes." Gray characterizes himself as a sovereign exempt from the laws
of this State. We disagree. A "person," as that term is defined by statute, means an individual,
corporation, or association. Tex. Penal Code Ann. § 1.07(38) (West Supp. 2009). An "individual"
means a human being who is alive. Id. § 1.07(26). Gray is a person subject to the laws of this State. 
We overrule Gray's third issue.

 In his fourth issue, Gray asserts that the trial court lacked personal and subject-matter
jurisdiction. We disagree. "Under the explicit terms of the constitution itself, the mere presentment
of an information to a trial court invests that court with jurisdiction over the person of the defendant,
regardless of any defect that might exist in the underlying complaint." Aguilar v. State, 846 S.W.2d
318, 320 (Tex. Crim. App. 1993) (citing Tex. Const. art. V, § 12(b)). Moreover, statutory
county courts have subject-matter jurisdiction over misdemeanor offenses. See Tex. Gov't Code
Ann. §§ 25.0003(a), 26.045(a) (West Supp. 2009). Gray was charged by information with the
misdemeanor offense of driving while his license was suspended. See Tex. Transp. Code Ann.
§ 521.457(a)(2) (West Supp. 2009). Thus, the trial court had personal and subject-matter jurisdiction
in this case. We overrule Gray's fourth issue. 

 In his fifth issue, Gray asserts that the trial court should have granted his motion
to suppress evidence on the ground that the traffic stop and subsequent arrest was unlawful. Gray
argues that there was no probable cause for the arrest and seizure because "there was no disturbance
of the peace, felony, or warrant for such action." A trial court's ruling on a motion to suppress is
reviewed on appeal for abuse of discretion. See State v. Dixon, 206 S.W.3d 587, 590 (Tex. Crim.
App. 2006). Here, Officer Barrett testified that Gray exceeded the posted speed limit in a
school zone. Specifically, she testified that Gray was driving 44 miles per hour when the posted
speed limit was 20 miles per hour. Thus, the trial court would not have abused its discretion
in finding that Barrett had reasonable suspicion to conduct the traffic stop. See Ford v. State,
158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Barrett further testified that, prior to arresting Gray,
she had learned that Gray's driver's license had been suspended. Documentary evidence was
also admitted that tended to show that Gray's license had in fact been suspended at the time of the
traffic stop. Thus, the trial court would not have abused its discretion in finding that Barrett had
probable cause to arrest Gray for committing the offense of driving with a suspended license. See
Beck v. Ohio, 379 U.S. 89, 91 (1964); Amador v. State, 275 S.W.3d 872, 878 (Tex. Crim. App.
2009). We overrule Gray's fifth issue.

 In his sixth issue, Gray asserts that the trial court erred by denying his motion to
dismiss on the ground that the State failed to obtain and correct "the true name of the Sovereign."
According to Gray, "[t]he Sovereign has never been known as JUSTIN WADE GRADY (2) or
JUSTIN WAYNE GRAY or any other nom de guerre, misnomer, mistaken identity, or an artificial
entity." At a pretrial hearing, however, Gray acknowledged that his name is "Justin Wayne Gray."
To the extent Gray is asserting error from the spelling of his name using all capital letters, we
find this argument to be without merit. See Fisher v. County of Williamson, No. 03-05-00584-CV,
2006 Tex. App. LEXIS 5157, *7 (Tex. App.--Austin June 15, 2006, no pet.) (mem. op.). We
overrule Gray's sixth issue.

 In his seventh and eighth issues, Gray asserts that he was denied his right to an
examining trial and that the trial court should have entered findings of fact and conclusions of law
regarding Gray's right to an examining trial. However, an examining trial is not required in
misdemeanor cases. See Tex. Code Crim. Proc. Ann. art. 16.01 (West 2005); Clark v. State,
417 S.W.2d 402, 403 (Tex. Crim. App. 1967). Additionally, in criminal cases, there are only limited
circumstances in which the trial court is required to enter findings of fact and conclusions of law. 
See, e.g., Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005). Such circumstances are not
present here. We overrule Gray's seventh and eighth issues.

 In his tenth issue, Gray asserts that the trial court erred in denying a defense challenge
for cause during voir dire. Gray complains about veniremember number 12, who expressed his
disagreement with one of the arguments Gray had raised during voir dire and also voiced frustration
with pro se litigants in general. After the parties had exercised their peremptory strikes but before
the jury was impaneled, Gray objected to the seating of the veniremember as follows: "I don't
believe that [veniremember number 12] is going to be fair and impartial because he basically during
the voir dire examination he said would be unfair." However, Gray did not specify in what ways he
believed veniremember number 12 would be "unfair." Accordingly, Gray failed to assert a clear
and specific challenge for cause and failed to preserve error. See Gardner v. State, 306 S.W.3d 274,
300 (Tex. Crim. App. 2009). Moreover, even if Gray had preserved error, we could not conclude
on this record that the trial court clearly abused its discretion in denying Gray's challenge for cause.
See id. at 295-96. During voir dire, Gray failed to further question the challenged veniremember
about his comments or elicit responses regarding whether the challenged veniremember could follow
the law regardless of his personal views. Thus, Gray did not meet his burden of showing that the
challenged veniremember "understood the requirements of the law and could not overcome his
prejudice well enough to follow the law." See id. at 295. We overrule Gray's tenth issue. 





CONCLUSION

 We affirm the judgment of the trial court.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: August 18, 2010

Do Not Publish 

1. Gray asks this Court to hold his brief to "less stringent standards" than a brief filed by
a licensed attorney. We will construe the briefing rules liberally as we are required to do. See
Tex. R. App. P. 38.9. However, a pro se appellant is required to comply with applicable laws and
rules of procedure. See Perez v. State, 261 S.W.3d 760, 764 n.2 (Tex. App.--Houston [14th Dist.]
2008, pet ref'd).
2. The record reflects that at the beginning of the proceedings, the State misspelled
Gray's middle and last names in the manner indicated above. However, Gray brought the
misspelling to the attention of the trial court and the misspelling was subsequently corrected. The
amended information, jury charge, and judgment of conviction all reflect the correct spelling of
Gray's name.