# NO. 12-18-00287-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID ALLEN VANWERT,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 3* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

David Allen Vanwert, appearing pro se, appeals his conviction for failure to identify fugitive with intent to give false information. He presents twelve issues on appeal. We affirm.

## BACKGROUND

On December 26, 2015, Tyler Police Department Officer Jonathan Holland responded to a call complaining of criminal trespass at a Tyler Wal-Mart. Allegedly, several minors had been asked to leave the store and refused. Appellant's child was one of the minors involved. After Officer Holland arrived, he began investigating the claims and questioning witnesses. According to Officer Holland, Appellant was uncooperative and impeding his investigation. As a result, Officer Holland detained Appellant for interfering with his investigation and placed him in handcuffs. When asked for his name and date of birth, Appellant responded, "David Allen" and "March 30, 1965." Officer Holland stated that the search performed by dispatch yielded no results for that name and date of birth combination. However, when the information on Appellant's vehicle was found, the owner was listed as "David Allen Vanwert" with a date of birth of "March 30, 1964." The dispatch search for Appellant's correct information yielded a warrant from 2007 for "display expired license plates." Appellant was arrested pursuant to that warrant.

Appellant was later charged by information with "fail to ID fugitive intent give false info." The State alleged Appellant intentionally gave Officer Holland a false name and date of birth. The information further alleged that Appellant had an outstanding warrant at the time he gave the false information, which increased the degree of the crime from a Class B misdemeanor to a Class A misdemeanor.[1] Appellant pleaded "not guilty," and the matter proceeded to a jury trial. At trial, Appellant maintained that he goes by the name "David Allen" as a musician. He further urged that he does not celebrate birthdays and he calculates his age from the date of conception, not the date of birth. Appellant also argued that the 2007 warrant was manufactured for the sole purpose of arresting him and charging him with the crime of failure to identify. Ultimately, the jury found Appellant "guilty" as charged and sentenced him to 180 days confinement. This appeal followed.[2]

## CONSTITUTIONALITY OF SECTION 38.02

In his first issue, Appellant contends that the requirement he identify himself by his name and date of birth violates his Fifth Amendment right against self-incrimination.

Section 38.02(b) of the Texas Penal Code provides in relevant part that a person commits an offense if he intentionally gives a false or fictitious name, residence address, or date of birth to a peace officer who has lawfully detained the person. TEX. PENAL CODE ANN. § 38.02(b)(2) (West 2016). Contrary to Appellant's argument, Section 38.02 does not violate the Fifth Amendment's self-incrimination protection. *See Presley v. City of Benbrook*, 4 F.3d 405, 408 (5th Cir. 1993) (recognizing that Section 38.02 has been upheld *sub silentio* several times in the past). As recognized by the Fifth Circuit, the United States Supreme Court has held that routine questions may be asked of a suspect for the purpose of expediting the booking process without violating Fifth Amendment rights, and those questions include data such as the suspect's name, address, date of birth, and current age. *Id.*; *Pennsylvania v. Muniz*, 496 U.S. 582, 600-601, 110 S. Ct. 2638, 2650-51, 110 L. Ed. 2d 528 (1990). Because Appellant was asked questions within this

---

[1] TEX. PENAL CODE ANN. § 38.02 (West 2016).

[2] Appellant listed twelve issues in his brief's "List of Errors." However, not all of these points are delineated, argued, or addressed in the body of his brief. Specifically, Appellant's brief contains no argument, citations, or record references as to listed "errors" numbers two, six, seven, eight, and twelve. As a result, we only address the arguments actually briefed. *See* TEX. R. APP. P. 38.1; *see also* **Wolfe v. State**, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017) (appellate court is not required to make an appellant's arguments for him); ***Canada v. State***, 547 S.W.3d 4, 10 (Tex. App.—Austin Aug. 17, 2017, no pet.) (mem. op., not designated for publication) (pro se litigant must follow same rules and laws as litigants represented by counsel).

well-established exception to the Fifth Amendment, he has no constitutional claim. Appellant's first issue is overruled.

## RIGHT TO EXAMINING TRIAL

In his third and fourth issues, Appellant argues that he demanded to see a magistrate following his arrest and was denied. He urges that this denial prevented him from being informed of his right to an examining trial. Appellant claims that the lack of an examining trial violated his right to due process under the Fourteenth Amendment to the United States Constitution.

Article 15.17 of the Texas Code of Criminal Procedure directs magistrates before whom arrested defendants are brought to inform defendants of their right to examining trials. TEX. CODE CRIM. PROC. ANN. art. 15.17 (West Supp. 2019). Article 15.17 does not limit itself to those defendants accused of felonies. *Id.* However, the Texas Court of Criminal Appeals regards Article 16.01, which governs examining trials, as constituting and defining an accused's right to an examining trial and has held that Article 16.01 does not guarantee a misdemeanor defendant a right to an examining trial. *Clark v. State*, 417 S.W.2d 402, 403 (Tex. Crim. App. 1967); TEX. CODE CRIM. PROC. ANN. art. 16.01 (West 2005) (examining trial). Because Appellant was arrested for and charged with a misdemeanor, he was not entitled to an examining trial. We overrule Appellant's third and fourth issues.

## REMAINING ISSUES

In his ninth, tenth, and eleventh issues, Appellant argues that the warrant from 2007 was manufactured and issued because he failed to appear when the notices were sent to the incorrect address. While Appellant testified at trial that the warrant was manufactured, the warrant itself, the corresponding affidavit, and complaint were all admitted into evidence at trial. The warrant was expressly issued for the offense of "display expired license plates" and not failure to appear. And Appellant has not pointed to any evidence in the record, nor have we found any, that the warrant did not exist prior to his December 2015 encounter. *See* TEX. R. APP. P. 38.1(i) ("brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *see also* **Henderson v. State**, No. 06-03-00221-CR, 2007 WL 4439498, at *1 (Tex. App.—Texarkana Dec. 20, 2007, pet. ref'd) (mem. op., not designated for

3

publication) (appellant made no attempt to demonstrate where there was evidence in the record to support his claim). As a result, we overrule these issues.

In his fifth issue, Appellant argues that the jail erroneously took $231 in bond payment. According to Appellant, "the kiosk accepted payment for only the amounts of bond for both the failure to ID and the traffic ticket $500 and $462. The fine for the traffic was $231. The jail has had the additional $231 for two years." However, Appellant fails to point to any evidence in the record that any extra bond was paid. The only bond referenced in the record is for $500. Therefore, the record does not support Appellant's contention. *See* TEX. R. APP. P. 38.1(i); *see also Henderson*, 2007 WL 4439498, at *1. We overrule Appellant's fifth issue.

### DISPOSITION

Having overruled Appellant's first, third, fourth, fifth, ninth, tenth, and eleventh issues, we *affirm* the trial court's judgment. Any and all pending motions are ***overruled as moot***.

<u>GREG NEELEY</u>
Justice

Opinion delivered December 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 31, 2019**

**NO. 12-18-00287-CR**

**DAVID ALLEN VANWERT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No. 3
of Smith County, Texas (Tr.Ct.No. 001-82351-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*