### Ex Parte Frank Bostick.

#### No. 4527.  Decided May 30, 1917.

**1.—Gaming—Notice of Appeal.**

In the absence of notice of appeal in the transcript, the appeal must be dismissed.

**2.—Same—Bystanders' Bill—Affidavit—Attorney and Client.**

Where bystanders signed and swore to the bill of exceptions, and said oath was taken before the attorney in the case, the same can not be considered on appeal.

**3.—Same—Plea of Guilty—Misdemeanor.**

See opinion suggesting that the plea of guilty in a misdemeanor case should have been accepted by the court, and cases may arise when the prayer for discharge under habeas corpus may be granted, if the case is properly presented.

Appeal from the County Court of Rockwall; tried below before the Hon. J. W. Reese.

Appeal from habeas corpus proceedings, asking discharge from custody under an offer to plead guilty, etc., to misdemeanor.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, Presiding Judge.—The record discloses that the grand jury returned an indictment charging relator with gaming.  It was transferred to the County Court.  When the case was called in the County Court, relator not responding, his bond was forfeited.  Later, perhaps the same day, he was rearrested and placed in jail.  He applied for a writ of habeas corpus, which was granted.  It recites after the forfeiture of the bond, and when court had adjourned for the day, and the judge was in his office, he was brought, at his own request, before the county judge to enter a plea of guilty.  The judge declined to hear his plea without the consent of the county attorney, who was present.

The county attorney declined, and the judge gives as his reason for not hearing the case that it had been continued for the term, and the county attorney would not consent to take it up. He refused to make any order in the case, or to place anything upon the minutes of his court; at least such is the recital in a bill of exceptions undertaken to be proved up by bystanders. The bystanders signed and swore to the bill, but they took their oath before the attorney in the case. Under the long line of authorities of the Supreme Court and Court of Criminal Appeals this does not verify the bill in such manner as it can be considered. Outside of the bill of exceptions, we find no notice of appeal in the transcript. It is a peculiar case in several respects. The theory evidently of relator was that by resorting to the writ of habeas corpus, the judge having refused to take his plea of guilty, he would be entitled to his discharge. As presented by this record we think that could not be of sufficient importance to make that demand. However, it is worthy of some remark or expression of wonder that the plea of guilty was not taken. The party was in jail and was desirous of pleading guilty. The mere fact that the case had been continued for the term is not a sufficient reason for not taking the plea of guilty. It was a small misdemeanor, and evidence was not required as in felony cases under a plea of guilty. But as the matter is presented we do not think we can give relief asked. The court, of course, when an accused is confined in jail without trial, and especially when he wants to plead guilty, and it is a misdemeanor, ought to accept the plea of guilty. Just why this was not done is not shown except the judge states that he did not accept the plea because the case had been continued. There was no order entered continuing the case, but there was an order entered forfeiting the bond.

As the case is presented we find no sufficient reason why the applicant should be discharged, but cases may arise when such prayer may be granted. The case is dismissed.

*Dismissed.*