EX PARTE R. D. McCUISTIAN.

No. 18817.   Delivered December 2, 1936.

The opinion states the case.

*Shropshire & Sanders,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The record before us shows that on the 8th day of October, A. D. 1936, the sheriff of Brown County by virtue of a capias pro fine arrested relator and confined him in the county jail. He applied to the Hon. A. E. Nabors, judge of the county court of said county, for a writ of habeas corpus and prayed that upon a hearing thereof he be discharged from custody.   The writ was issued as prayed for.   In obedience to said writ the sheriff produced relator at the time and place specified and stated that he had relator in custody and restrained him of his liberty by virtue of a capias pro fine issued by the clerk of said court upon a certain judgment, entered in cause number 6538, and styled State of Texas v. R. D. McCuistian, wherein relator was adjudged guilty of the offense of selling whisky in local opinion territory and his punishment was assessed at a fine of $200.00 and confinement in the county jail for a term of sixty days, besides all costs.   The sheriff attached to his responsive plea a copy of the information in said cause which seems to be in due form and also a copy of

the judgment of conviction. The judgment remanding relator recites that the court heard evidence, but no statement of facts accompanies the record. It appears to us that relator is seeking to substitute the writ of habeas corpus for the method of appeal. Such a proceeding has never been sanctioned by this court.

In the case of Ex parte Mears et al., 88 S. W. (2d) 100, this court speaking through Judge Lattimore said:

"We adhere to the well-considered and supported rule that when the facts in any case attempted to be brought here on habeas corpus show that the controversy could have been brought here in the regular channel of an appeal, we will decline to dispose of same by habeas corpus."

Therefore the judgment of the trial court remanding relator to the custody of the sheriff until such time as the judgment of conviction shall have been satisfied is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.