# MARCH 17, 1943

## EX PARTE VERNON RAY CLINNARD.

No. 22441. Delivered February 3, 1943.
Rehearing Denied March 17, 1943.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

462

KRUEGER, Judge.

This is an appeal from an order of the County Judge of Lamar County declining to discharge the appellant from the custody of the sheriff upon a hearing of a writ of habeas corpus.

The record discloses that on the 7th day of November, 1942, a complaint and information were filed in the County Court of Lamar County charging appellant with the offense of possessing whisky in a dry area for the purpose of sale. To this charge appellant entered a plea of guilty, whereupon the trial court assessed his punishment at a fine of $250.00 and remanded him to the custody of the sheriff until said fine and costs should be paid. Thereafter, on the 16th day of November, appellant applied to the County Judge of said county for a habeas corpus and prayed that upon the hearing thereof, he be discharged from the custody of the sheriff. He attacked the judgment of conviction upon the following grounds: (a) Because the court was without jurisdiction to assess any fine or jail sentence in that there was no regular term of court then in session; (b) because he was forced by the officers to enter a plea of guilty while under duress; (c) because there was no sworn evidence offered to prove the allegations in the information; (d) because he was not advised that he was entitled to a trial by a jury; (e) because there is not a valid complaint upon which an information could be based; and (f) because there was no evidence adduced to show that Lamar County was a dry area.

Upon the hearing of the writ, the court heard evidence relative to the matters charged in the application and upon the conclusion thereof, remanded appellant to the custody of the sheriff, to which order and judgment he excepted and gave notice of appeal to this court.

The judgment of conviction, upon its face, appears to be regular. Hence the presumption obtains that all legal requirements were complied with in the trial of the case which resulted in his conviction, and the burden of proof rested upon the appellant to overcome this presumption. He took the witness stand and testified that he was the same person named in the complaint and information filed in the County Court of Lamar County in cause No. 2480 in which he was charged with the offense of possessing whisky in a dry area for the purpose of sale; that the officers searched his premises and found three pints of whisky; that the officers asked him what he was going to do and he said that he was going to see a lawyer; that they then told him that he would be put where he could not see a

lawyer; that they were also going to file a complaint against his wife unless he did something about his case that afternoon, that if he would plead guilty they would not file any complaint against his wife; that they also told him that all he would need to say would be "guilty" or "not guilty"; that when he appeared before the court the judge inquired of him if he desired to plead "guilty" or "not guilty," to which he replied, "Guilty"; that there was no order of the court offered in evidence and he did not know everything that happened; that when the judge asked him whether he was "guilty" or "not guilty," he told him that he was "guilty."

While we would not need to pass upon the sufficiency of the complaint and information in this proceeding, yet we have examined them and they appear to be sufficient to charge the offense of which he was convicted. See Schnair v. State, 84 S. W. 592; Singh v. State, 146 S. W. 891.

Appellant claims that the judgment of conviction is void because it was entered by the court while in vacation. If the court was in vacation, then the judgment would be void, but the determination of this question depended upon proof. There is no evidence to sustain said allegation, and in the absence of such proof the presumption obtains that the court acted in accordance with the law.

With reference to the appellant's complaint that there was no evidence introduced showing that Lamar County was a dry area, we deem it sufficient to say that in a misdemeanor case where the defendant enters a plea of guilty, it is not necessary to introduce evidence showing the guilt of the defendant, because Article 502, C. C. P., has application to felony cases only. See Ex parte Bostick, 81 Tex. Cr. R. 411, and also cases cited under Note 7, Art. 501, Vernon's Ann. C. C. P., Vol. 1, p. 390. By his plea of guilty appellant admitted every element constituting the offense charged.

Now, with reference to his contention that the judgment of conviction is void because he was not asked whether or not he waived a jury, we desire to make the following observations: A trial by a jury is guaranteed by the Constitution to everyone accused of a crime. However, in some cases he may waive a jury. If appellant had demanded a trial by a jury and the court had declined to agree to such a trial, a more serious question would have been presented; but in the instant case his complaint is not that he was denied a trial by a jury but that he was not

asked if he waived a jury. If appellant knew of this constitutional guarantee and failed to demand a jury or to object to the court trying the case, a waiver thereof would be implied. Moreover, it would be folly to say that because he was not asked if he desired to waive a jury, the judgment of conviction should be declared to be void. It should be borne in mind that an attack upon a judgment of a court of competent jurisdiction by a writ of habeas corpus is a collateral attack, and unless it appears that the trial court was without jurisdiction, either of the person or of the subject matter or to render a particular judgment, the same cannot be attacked as void for mere irregularities.

Ordinarily, one who has been convicted of an offense cannot resort to habeas corpus proceeding to have his case reviewed by this court, unless the judgment of conviction is absolutely void. Otherwise his remedy is by appeal. See Ex parte McCuistian, 131 Tex. Cr. R. 360; Ex parte Taylor, 131 Tex. Cr. R. 365; Ex parte Stanford, 100 Tex. Cr. R. 558; Ex parte Johnson, 131 Tex. Cr. R. 438; Ex parte Fisher, 115 Tex. Cr. R. 370.

We see no merit in any of the appellant's contentions. Therefore, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that we were in error in the disposition made of his several contentions. He presents no new or additional reasons for a reversal of the case.

We remain convinced that the case was correctly disposed of in our original opinion.

We again call attention to the fact that the writ of habeas corpus cannot serve as a substitute for an appeal. Appellant presents no grounds whereby the conviction may be attacked by such writ.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.