SYLVESTRE PALOMO V. STATE.

No. 25,846. May 7, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) June 18, 1952.

Hon. McCollum Burnett, Judge Presiding.

*A. A. Garza* and *Joe Burkett,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *James C. Onion,* Assistant Criminal District Attorney, San Antonio, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault upon an officer; the punishment, one year in jail and a fine of $500.00.

Appellant plead guilty in the court below without the intervention of a jury.

Appellant here contends that the punishment is cruel and unusual and that the trial court abused his discretion when he assessed such punishment without hearing evidence.

Article 518, C. C. P., reads as follows:

"A plea of guilty in a misdemeanor case may be made either by the defendant or his counsel in open court. In such case, the

defendant or his counsel may waive a jury, and the punishment may be assessed by the court, either upon or without evidence, at the discretion of the court."

In Ex parte Bostick, 81 Tex. Cr. R. 411, 196 S. W. 531; Burton v. State, 112 Tex. Cr. R. 334, 16 S. W. (2d) 828, and Ex parte Clinnard, 145 Tex. Cr. R. 460, 169 S. W. (2d) 181, we held that, in a misdemeanor case where the defendant enters a plea of guilty, it is not necessary to introduce evidence showing the guilt of the defendant.

It has long been the holding of this Court that "when the punishment assessed is within the limits prescribed by law, it is not 'excessive,' and courts cannot remedy the grievance, even though of opinion that the discretion of the jury was not judiciously exercised." Brown v. State, 16 Tex. 123.

Finding no reversible error, the judgment of the trial court is affirmed.