**Chiquita Josephine BUQUOME, Richard E. Merrick, Sherley Merrick, Appellants,**

v.

**The STATE of Texas, Appellee.**

Nos. 29454–29456.

Court of Criminal Appeals of Texas.

Jan. 22, 1958.

72

Wade & Cade, by E. A. Cade, Dallas, for appellant.

Henry Wade, Dist. Atty., Ben Ellis, and A. D. Jim Bowie, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

These three appellants plead guilty in the County Criminal Court of Dallas County, Judge Jim Guthrie presiding, to informations charging possession of barbiturates; and their punishment was assessed at 30 days in jail. Two days later, motions for new trial were filed for each appellant, and upon the overruling of such notices, appeals were given to this Court.

No statement of facts on the merits appears in the record. One statement of facts on motion for new trial was agreed upon, and the appeals will be consolidated.

Judge Shelby Cox presided at the hearing on the motion. Each appellant had a high school education and had come to Texas with a group selling magazines. They were arrested on January 26 and placed in jail. On February 2, they were visited in jail by an attorney who informed them that he had been employed by their Kansas City employers to represent them and advised them not to sign anything or say anything until they spoke to him first. On February 3, they were visited in jail by an attorney who was acting as a bondsman, but bond was not made at that time. On Monday, the three were brought before Judge Guthrie,

who, because of Judge Cox' illness, was sitting in his court.

Each of the appellants admitted answering "guilty" when being questioned by the court as to their pleas, but stated that they thought this was a preliminary hearing and did not realize the consequences of their pleas. They stated that they were refused permission to use the telephone before being brought before the judge by some attache of the court whom they did not name or describe, but none of them stated that they had made such a request of the judge or that they told the judge they had a lawyer or asked him for time to get in touch with one or to prepare for trial. It was agreed that no lawyer's name appeared on their docket sheets or their case files.

There was no allegation in the motion for new trial that the appellants had not waived a trial by jury, and the record of the hearing on the motion is silent on the question. When the defendant consents to trial before the court and enters his plea, he thereby waives a jury and cannot complain after judgment has been pronounced that he should have been tried before a jury. White v. State, 154 Tex.Cr.R. 498, 228 S.W.2d 183, and Ex parte Clinnard, 145 Tex.Cr.R. 460, 169 S.W.2d 181.

Judge Guthrie testified fully as to the pleas entered by the appellants. He stated that he explained the charge to each appellant separately and then asked for their pleas. He stated that each accused entered a guilty plea and made no intimation that they were not ready to do so or that they had an attorney, wished to employ one or desired time to prepare for trial.

All of the participants testified that Judge Guthrie gave them a choice of a $500 fine or 30 days in jail and that each of them chose 30 days.

As stated, each of the appellants had a fair academic education, and all of them had been engaged in traveling over the United States selling magazines for varying periods of time.

Upon the record before us here, we cannot say that Judge Cox abused his discretion in failing to accept the appellants' testimony that they did not understand what they were doing when they entered pleas of guilty before Judge Guthrie. From the testimony before him, Judge Cox might have reasonably concluded that the appellants, at the time of their pleas of guilty before Judge Guthrie, had chosen not to avail themselves of the services of the attorney tendered them by their employer and decided to enter pleas of guilty and, after hearing the judgment of the court, concluded that they had decided unwisely. See Townsel v. State, Tex.Cr.App., 283 S.W.2d 944, and cases there cited.

The judgments are affirmed.