**Jessie Cannon THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46814.**

Court of Criminal Appeals of Texas.

May 9, 1973.

Paul Lawrence, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George M. Karam, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

Appellant was convicted of burglary with intent to commit theft, given three (3) years probation, and his probation was revoked from which he appeals.

A condition of probation was that appellant commit no offense against the laws of this State. The motion to revoke probation alleged that he committed the offense of possession of marihuana on or about March 24, 1972, in Harris County, Texas.

On the date mentioned, Officer May received a telephone call from a lady who

said she had a bunch of juveniles back in a vacant house drinking and "raising a bunch of ruckus." This was about 1 A.M. Officer May drove to the address in question, accompanied by Officer Magan, had a conversation with the complainant, then went to the vacant house back of the house to which the complainant had directed the officers. May stationed his partner at the front door and went around to the back. As he walked up to the window, he heard a man say, "Come on, man, give me a joint." "Joint" meant a marihuana cigaret. He called his partner and they looked in the window and saw three colored males sitting on the floor in a triangle. One of them was sitting with a quart of beer between his legs smoking what appeared to be a hand-rolled marihuana cigaret; one was sitting there rolling what appeared to be a marihuana cigaret out of a match box, and the third was sitting there "asking him to give him one."

May identified appellant as the man who was rolling a hand-rolled cigaret out of a match box. May entered and appellant threw the cigaret down. May recovered the match box from between appellant's legs.

The house in question was a vacant house, with no furniture or clothing in it, none of the three men claimed to live there; two of them gave different addresses and the third could not tell where he lived.

The evidence seized was a match box with a green plant-like substance in it, four hand-rolled cigarets made from the same substance taken from appellant, and one additional such cigaret which one of the others was smoking and threw down. By proof of proper custody and expert testimony, it was established that the match box contents and the cigarets were marihuana. The marihuana was introduced in a brown envelope as State's Exhibit No. 1.

Appellant's attorney contended before the trial court and now contends that the evidence was unlawfully obtained and should not have been admitted.

The evidence did not show that appellant or any of his companions owned, possessed, or had a right to use the vacant house on the occasion in question, and, therefore, he had no standing to complain. Willeford v. State, Tex.Cr.App., 454 S.W. 2d 745. See also Brown and Smith v. United States, —— U.S. ——, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973) by Supreme Court of United States.

The officers observed appellant committing a felony in their presence and could arrest and seize the contraband without warrant under Art. 14.01, Vernon's Ann.C.C.P. Thompson v. State, Tex.Cr. App., 447 S.W.2d 175; Giacona v. State, Tex.Cr.App., 372 S.W.2d 328, certiorari denied, 375 U.S. 843, 84 S.Ct. 92, 11 L.Ed.2d 70. See also Johnson v. State, Tex.Cr.App., 469 S.W.2d 581.

We hold that the evidence was properly admitted, and that the court did not abuse its discretion in revoking probation.

The judgment is affirmed.

Opinion approved by the Court.