**Laura BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48104.**

Court of Criminal Appeals of Texas.

March 27, 1974.

Phillip Bordages, Beaumont, for appellant.

Tom Hanna, Dist. Atty., John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for obtaining public welfare by fraud. Article 695c, Sec. 34, Vernon's Ann.Tex.Civ.St. The punishment was assessed at one (1) year in the county jail.

The appellant in her sole ground of error complains the "trial court committed fundamental error in failing to submit the issue of guilt or innocence to the jury which assessed punishment."

The record in this misdemeanor case is in a state of confusion.

First, no stenographic record of the trial proceedings was made, so, of necessity, we must look to the clerk's transcript.

The docket sheet reflects that on "12–8–72 Defendant entered plea of guilty *to Jury* by Atty. Daylee Wiggins with request for sentence by jury." (Emphasis supplied). The docket sheet also reflects on the same date the court charged the jury and bears the further notation, "Jury's verdict of guilty with J. H. Ashley, Jr., foreman of jury of six, and jury's assessment of one year in jail."

The charge of the court found in the record commenced as follows:

The Court
"By ~~your verdict returned~~ in this case, ~~you~~ has    a plea of guilty
~~have~~ found the defendant guilty of the offense charged in the information, to-wit, obtain welfare by fraud . . . ." [1]

The charge thereafter submitted only the issue of punishment to the jury.

The judgment entered on December 8, 1972, reflects the entry of a plea of guilty to a jury and a bifurcated trial and contains the following verdict forms:

"We, the jury, find the Defendant guilty as charged in the information.

J. H. Ashley, Jr.
Foreman"

and after the hearing on punishment:

"We, the jury, find the Defendant guilty as charged and assess her punishment at a fine of - - - and/or 1 year in jail and costs.

J. H. Ashley, Jr.
Foreman"

Appellant contends that these recitals are contradicted by better evidence. He calls attention to the only charge in the record submitting the sole issue of punishment to the jury and to the only verdict forms actually in the record bearing the foreman's signature, which read as follows:

"We, the jury, assess the punishment of the defendant a term of one (1) year in jail.

J. H. Ashley, Jr.
Foreman"

and

"We, the jury, recommend that probation be denied.

J. H. Ashley, Jr.
Foreman"

Further attention is called to the testimony of the attorneys offered on the hearing on the motion for new trial to the effect that only the issue of punishment was submitted to the jury.

█ It appears to be appellant's contention that, despite her guilty plea, she was entitled to a bifurcated trial before the jury, relying upon Article 37.07, Vernon's Ann.C.C.P.

After the enactment of such statute in 1965, there was some question as to its applicability to misdemeanor trials where the possible punishment could be confinement in jail. Cf. Seefurth v. State, 422 S.W.2d 931, 937 (Tex.Cr.App.1967); Bridges v. State, 422 S.W.2d 449 (Tex.Cr.App.1967); Attorney General's Opinion No. C–587 (January 25, 1966).

In 1967 the statute was amended (Acts 1967, 60th Leg., p. 1739, ch. 659). The amendment provided that the statute was applicable in all criminal cases other than misdemeanor trials of which Justice or Corporation Courts have jurisdiction, which are tried *before a jury on a plea of not guilty*. See Article 37.07, Sec. 2(a), Vernon's Ann.C.C.P.

Thus, it would appear the appellant's reliance upon Article 37.07, supra, is misplaced.

This court has had occasion to point out that Article 37.07, supra, is not applicable to pleas of guilty before a jury in a felony case, as that procedure is governed by Article 26.14, Vernon's Ann.C.C.P. See Basaldua v. State, 481 S.W.2d 851, 853 (Tex. Cr.App.1972); Ring v. State, 450 S.W.2d 85 (Tex.Cr.App.1970); Allen v. State, 474 S.W.2d 480 (Tex.Cr.App.1971).

In connection with the procedure utilized under Article 26.14, supra, this court has frequently held that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of

1. The words "a plea of guilty" and "The Court has" appear to be interlineations in ink on the printed form of a jury charge. Despite these interlineations, the appellant makes no claim the guilty plea was before the court.

**238**

testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. See Darden v. State, 430 S.W.2d 494 (Tex.Cr.App.1968) and cases there cited; Basaldua v. State, supra, and cases there cited.

Such statute expressly applies to felony cases and is not applicable to misdemeanor cases. See Ex parte Clinnard v. State, 145 Tex.Cr.R. 460, 169 S.W.2d 181 (1943). There is no comparable statute relating to a plea of guilty before a jury in misdemeanor cases.

Article 27.14, Vernon's Ann.C.C.P., does provide in part:

> "A plea of 'guilty' or a plea of 'nolo contendere' in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court. . . ."

 It is well established under this statute and its forerunners that where the plea of guilty in a misdemeanor case is before the court the trial court is not required to hear evidence on a plea of guilty. Ex parte Clinnard, supra; Letterman v. State, 146 Tex.Cr.R. 37, 171 S.W.2d 349 (1943); Ex parte Bostick, 81 Tex.Cr.R. 411, 196 S.W. 531 (1917); Burton v. State, 112 Tex.Cr.R. 334, 16 S.W.2d 828 (1929); Palomo v. State, 249 S.W.2d 211 (Tex.Cr. App.1952); Bruce v. State, 419 S.W.2d 646, (Tex.Cr.App.1967); Carter v. State, 400 S. W.2d 571 (Tex.Cr.App.1966); Foster v. State, 422 S.W.2d 447 (Tex.Cr.App.1967); Albrecht v. State, 424 S.W.2d 447 (Tex.Cr. App.1968). It has been held that by such plea of guilty the defendant admits every element of the offense charged. Ex parte Clinnard, supra.

When an accused in a misdemeanor case requests a jury, as he is entitled to do, and enters a plea of guilty before such jury, does a different rule apply?

We think not. When a defendant enters a guilty plea before a jury in a misdemeanor case, he admits every element of the offense charged, and the only issue before the jury is the issue of punishment. If testimony is offered, it should be for the jurors' benefit in passing upon the issue before them.

In the instant case, while there is no stenographic record made of the trial, the hearing on the motion for new trial reflects that evidence was offered by both the State and appellant, and that thereafter the court submitted the issue of punishment to the jury in its charge, to which there was no objection addressed nor was any special charge requested. See Articles 36.14 and 36.15, Vernon's Ann.C.C.P.

Under the circumstances presented, we find no merit in appellant's contention that the court erred in failing to submit the issue of guilt or innocence to the jury.

The judgment should be reformed to reflect the verdict actually returned by the jury.

As reformed, the judgment is affirmed.