**Steven Carroll ISAM & Gary Wayne Medley, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 60341, 60342.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 2, 1979.

Rehearings En Banc Denied July 3, 1979.

Robert E. Fitzgerald, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Maridell J. Templeton and Brad K. Lollar, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

These are appeals from convictions for possession of a usable amount of marihuana of less than four ounces and more than two ounces, a misdemeanor. Punishment was assessed in appellant Isam's case at a $200 fine and three days in jail. Medley's punishment was assessed at 20 days in jail and a $300 fine.

On November 17, 1977, both cases were called for a hearing on motions to suppress the marihuana. At the conclusion of that hearing the court withheld its ruling to allow briefs on the issue to be prepared and filed. The motion to suppress was denied on December 6. According to the transcribed court reporter's notes, Isam appeared on the following April 20 and entered his plea of guilty. According to the docket sheet and judgment, however, this happened on April 24. Sentence was pronounced on May 12. Appellant Medley entered a guilty plea in his case on May 15 and was sentenced July 13. Notice of appeal was entered in each case.

The events in these cases occurred after the effective date of the amendment to Art. 44.02, V.A.C.C.P., which now provides:

"A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter."

We are today particularly concerned with that portion of Art. 44.02 that allows appeal "on those matters which have been raised by written motion filed prior to trial."

In *Ferguson v. State,* Tex.Cr.App., 571 S.W.2d 908, the Court was confronted with a similar situation. On that occasion, appeal was taken from a felony conviction for gambling promotion in which a guilty plea was entered after the defendant's motion to suppress was overruled. The Court wrote:

". . . After his plea was accepted by the trial court, appellant took the witness stand and judicially confessed that he committed the offense as alleged against him in the indictment. No evidence seized pursuant to the challenged search warrant was introduced, and no such evidence was used to support appellant's conviction. Where no evidence obtained as a result of a search is introduced in evidence, no error with respect to such search is presented for review. *Stiggers v. State,* 506 S.W.2d 609 (Tex.Cr. App.). Furthermore, a judicial confession is alone sufficient to sustain a conviction on a guilty plea under Art. 1.15, V.A.C. C.P. *Cevalles v. State,* 513 S.W.2d 865 (Tex.Cr.App.).

"It appears from the proceedings in the trial court that appellant contemplated review in this court pursuant to that portion of Art. 44.02, supra, that speaks of an appeal 'on those matters which have been raised by written motion filed prior to trial." In *Helms v. State,* 484 S.W.2d 925 (Tex.Cr.App.), the Court wrote:

" 'Appellant contends that the court was in error in admitting evidence obtained as the result of an illegal search and seizure. Where a plea of guilty is voluntarily and understandingly made, all non-jurisdictional defects including claimed deprivation of federal due process are waived. *Soto v. State,* Tex.Cr. App., 456 S.W.2d 389; *Fierro v. State,* Tex.Cr.App., 437 S.W.2d 833.' See also, *Cantu v. State,* 546 S.W.2d 621 (Tex.Cr. App.).

"The legislature appears to have abrogated this rule regarding the effect of a guilty plea in cases of plea bargains before the court, as is its prerogative. Such a procedure may be expected to conserve judicial resources by encouraging guilty pleas in cases where the only contested issue between the parties is some matter such as the lawfulness of a search, voluntariness of a confession, competency to stand trial, sufficiency of the indictment, or other matter that may be raised by written motion filed prior to trial. To this extent the amendment of Article 44.-02 supersedes the prior case law as stated in *Helms,* supra.

"This new practice, however, does not change the rule in *Stiggers v. State,* supra, relied on here. If the guilty plea is supported by evidence (see Art. 1.15, supra) independently of the matter contested in the pre-trial motion, then any erroneous ruling on that motion does not vitiate the conviction. . . ."

Of particular importance in that case was that none of the fruits of the challenged search and seizure were relied on to support the conviction and that the defendant took the witness stand and judicially confessed to the offense. This case presents a completely different situation in that the offense is a misdemeanor instead of a felony, so different rules apply to the guilty plea. The essential difference is reflected in this excerpt from *Brown v. State,* Tex.Cr.App., 507 S.W.2d 235:

"Article 27.14, Vernon's Ann.C.C.P., does provide in part:

" 'A plea of "guilty" or a plea of "nolo contendere" in a misdemeanor case may be made either by the defendant or his counsel in open court; in such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon or without evidence, at the discretion of the court. . . .'

"It is well established under this statute and its forerunners that where the plea of guilty in a misdemeanor case is before the court the trial court is not required to hear evidence on a plea of guilty. *Ex parte Clinnard,* supra, 145 Tex.Cr.R. 460, 169 S.W.2d 181; *Letterman v. State,* 146 Tex.Cr.R. 37, 171 S.W.2d 349 (1943); *Ex parte Bostick,* 81 Tex.Cr.R. 411, 196 S.W. 531 (1917); *Burton v. State,* 112 Tex.Cr.R. 334, 16 S.W.2d 828 (1929); *Palomo v. State,* 249 S.W.2d 211 (Tex.Cr.App.1952); *Bruce v. State,* 419 S.W.2d 646 (Tex.Cr.App.1967); *Carter v. State,* 400 S.W.2d 571 (Tex.Cr.App. 1966); *Foster v. State,* 422 S.W.2d 447 (Tex.Cr.App.1967); *Albrecht v. State,* 424 S.W.2d 447 (Tex.Cr.App.1968). It has been held that by such plea of guilty the defendant admits every element of the offense charged. *Ex parte Clinnard,* supra."

Were the rule that a guilty plea to a misdemeanor "admits every element of the offense charged" to be applied with the same effect as the judicial confession rule was in *Ferguson,* supra, then the purpose of Article 44.02, supra, would be frustrated in misdemeanor cases. The purpose of "encouraging guilty pleas in cases where the only contested issue between the parties is some matter such as the lawfulness of a search [or] voluntariness of a confession" would be thwarted because in every misdemeanor case in which such an issue was raised the issue would be forfeited by the guilty plea. In a felony case a guilty plea does not work such a forfeiture because under the requirements of Article 1.15, V.A. C.C.P., evidence must be presented to support the plea. Thus, if the defendant elects not to make a judicial confession, and if the seized evidence to which a pre-trial motion

to suppress was directed is used by the state to meet that statutory burden, then the issue raised by the motion may be pursued despite the subsequent guilty plea.

Because one purpose of Art. 44.02, supra, is to encourage guilty pleas where a search and seizure (or other pretrial motion) is the only matter that the defendant wishes to pursue, we hold that the rule quoted above from *Brown v. State* does not apply to an appeal from a misdemeanor guilty plea that challenges the ruling on such a pretrial motion. Accordingly, we hold that appellants may challenge the adverse ruling on their motions to suppress even though they subsequently entered guilty pleas to the misdemeanor charges against them.

The single ground of error in each of these appeals is that the officers did not have probable cause nor was it reasonable under the facts and circumstances to search the appellants' vehicle. The testimony at the hearing on the motion to suppress revealed that S. M. Sederwall and J. M. George, both employed by the City of Garland as police officers, testified that while they were off duty moving a stove in one of the officer's pick-up truck, they spotted the appellants travelling the opposite direction and smoking what appeared to be a marihuana cigarette. The officer specifically testified that the cigarette was handrolled with both ends being pinched and the middle was held by the index finger and thumb of Medley, the driver. He testified that he saw Medley pass the cigarette to Isam, the passenger. In the opinion of the officer, this appeared to be the marihuana cigarette. He made a U-turn at the first opportunity and began following the vehicle. Subsequently, the appellants' vehicle stopped at a red light, at which time officer George, who was riding as a passenger, got out of his vehicle and approached the appellants' vehicle. He testified that, at the time he approached the vehicle, he smelled the odor of marihuana. At that time he directed Medley to pull over to the side of the road. They placed the appellants under arrest and a search of the vehicle disclosed several baggies of marihuana.

The thrust of appellants' argument seems to be that the officers' observation of their vehicle as it passed in the opposite direction was not sufficient to justify turning their truck around and following them and then approaching their vehicle where they smelled the odor of marihuana. It is appellants' contention that the officers' action of moving towards the vehicle was in fact "investigative and violated the appellants' constitutional rights." We disagree. The record does not indicate the officers intended to arrest or even stop the appellants until after officer George approached the vehicle while it was stopped by a traffic light. The appellants' vehicle was not stopped by any overt action on the part of the police officers. Only after they stopped at the traffic light was the officer able to approach the vehicle and he noticed the odor of marihuana. At that point, the officer testified he directed the appellants to pull over to the side of the street and get out of the car. The arrest and subsequent search by the officer was reasonable. Article 14.01(b), Vernon's Ann.C.C.P. provides:

"A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

See, *Thomas v. State*, Tex.Cr.App., 493 S.W.2d 957; *Duff v. State*, Tex.Cr.App., 546 S.W.2d 283; *Sanchez v. State*, 582 S.W.2d 813.

The judgments are affirmed.