John L. MORGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 65193.

Court of Criminal Appeals of Texas, Panel No. 1.

Nov. 12, 1980.

Rehearing Denied Dec. 23, 1980.

Roark M. Reed and Danny D. Burns, Dallas, for appellant.

Henry M. Wade, Dist. Atty., and Karen Chilton Beverly and Douglas Fletcher, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

This appeal is from a misdemeanor conviction for possession of less than two (2) ounces of marihuana, where the punishment was assessed by the trial court at confinement in the county jail for one (1) day and at a fine of two hundred ($200.00) dollars.

Appellant's sole contention on appeal is that the trial court erred in overruling his pre–trial motion to set aside the information for failure to provide him a speedy trial in accordance with the provisions of Article 32A.02, V.A.C.C.P.

It appears that the appellant was allegedly found in possession of marihuana of less than two (2) ounces of marihuana on January 22, 1978. It appears the appellant was arrested and released without bond. On ·March 20, 1978, the appellant was charged by information with said offense and a capias was issued on the same date. On June 21, 1978, the State filed a written announcement of "ready." The capias was not executed until February 5, 1979. While we do not find a written motion to set aside the information for failure to comply with the Speedy Trial Act, the record contains "argument and authorities" in support thereof filed on May 11, 1979, on which date the trial court conducted a hearing on appellant's motion to set aside the information. The motion was overruled.

On September 27, 1979, the appellant entered a guilty plea before the court and his

punishment was assessed as earlier stated. Sentence was imposed on November 16, 1979, and notice of appeal was given.

For many years it was basic and well settled that when an accused entered a guilty plea, voluntarily and understandingly made, all non–jurisdictional defects are waived including claims of a lack of due process. *Runo v. State*, 556 S.W.2d 808, 810 (Tex.Cr.App.1977), and cases there cited. See *McKelvey v. State*, 570 S.W.2d 951 (Tex.Cr.App.1978).

Only recently the majority of this court en banc has decided that under the provisions of the Speedy Trial Act (Article 32A.02, V.A.C.C.P.) a defendant, when he enters a guilty plea, waives his rights for appeal on the basis of a violation of said Act. *Luna v. State*, 602 S.W.2d 267 (Tex. Cr.App.1980); *Flores v. State*, 606 S.W.2d 859 (Tex.Cr.App.1980). See also *Ramirez v. State*, 590 S.W.2d 509 (Tex.Cr.App.1979).

Appellant nevertheless argues that the express provisions of Article 44.02, V.A.C. C.P., as amended, abolished the above stated basic rule that a valid guilty plea waives all non–jurisdictional defects in cases where there is a plea bargain and punishment is assessed with the terms of the agreed recommendation. Appellant calls attention to the fact that this court has held in such plea bargain cases a defendant's plea of guilty does not waive his right to appeal from an adverse ruling on his pre–trial motion to dismiss charges against him for the denial of a speedy trial. *Riggall v. State*, 590 S.W.2d 460 (Tex.Cr.App.1979) (Opinion on State's Motion for Rehearing); *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr.App.1978). And appellant urges that this is particularly true in misdemeanor cases in light of the court's holding in *Isam v. State*, 582 S.W.2d 441 (Tex.Cr.App.1979).

Appellant notes that these cases are in conflict with the panel opinion of *Ramirez v. State*, supra, and argues that *Ramirez* is in error in its construction of the Speedy Trial Act (Article 32A.02, § 1(3), V.A.C.C. P.). There can be no question that *Ramirez* and its progeny are in sharp conflict with

*Riggall, Ferguson* and *Isam* and raises its ugly head for this court en banc to resolve.[1]

Nevertheless, in the record before this court there is no transcription of the court reporter's notes or other evidence which indicates that at the time of the entrance of the plea of guilty there was a guilty plea bargain which would have invoked the provisions of Article 44.02, supra. Therefore, it would appear that the basic and settled rule that a guilty plea waives a contention on appeal that error was committed in the pre–trial rulings prevails. Unless an appellant has shown that he was within the provisions of Article 44.02 V.A.C.C.P., which this appellant had not done, see and compare *Cleveland v. State*, 588 S.W.2d 942 (Tex.Cr.App.1979); *Prochaska v. State*, 587 S.W.2d 726 (Tex.Cr.App.1979), the provisions thereof do not apply.

The judgment is affirmed.

DOUGLAS, J., concurs in the result.

---

1. See the en banc decisions in *Luna* and *Flores*, supra, where the court split but which are consistent with *Ramirez* and were decided after appellant's brief was filed.