NO. 12-00-00322-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




JEROME LEWIS TOUCHSTONE,
§
 APPEAL FROM THE 188TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS







PER CURIAM


 A jury convicted Jerome Lewis Touchstone ("Appellant") of possessing five pounds or more
but less than fifty pounds of marijuana. After a hearing on punishment, the jury found enhancement
allegations in the indictment to be true and assessed Appellant's punishment at confinement for forty
years. In two issues, Appellant challenges the trial court's denial of his motion to suppress. We
affirm.


Background 


 James Benson ("Benson"), a canine interdiction officer with the Gregg County Sheriff's
Department, was the only witness to testify at the hearing on Appellant's motion to suppress. About
10:30 p.m. on March 22, 2000, Benson observed a 1999 Dodge Stratus traveling eastbound on
Interstate 20. He noticed that the Stratus was fifteen feet behind a tractor-trailer while proceeding
at sixty-five miles an hour. Benson believed that because of the Stratus' speed, the time of night,
and the flow of traffic, the Stratus was following the tractor-trailer too closely. Further, Benson
testified that the fact that the Stratus was following a tractor-trailer factored into his decision to stop
the Stratus. Also, Benson stated that the section of Interstate 20 on which the Stratus was traveling
is close to a meadow where herds of deer graze. He stated that the deer were a "safety hazard"
because drivers would have to hit their brakes when the deer "jump up over the road." Benson
further stated that if the tractor-trailer had stopped quickly, the Stratus would have been unable to
avoid hitting the tractor-trailer without leaving its lane or the roadway altogether. 

 Benson followed the Stratus for a mile and a half to two miles so the vehicles could proceed
over a bridge. Once the Stratus crossed the bridge, he conducted a traffic stop. Benson testified that
Appellant, who was driving, and a female passenger, Eva Lois Miller ("Miller"), were in the car. 
Appellant exited the vehicle. At that point, Benson advised Appellant of the traffic violation and
asked to see his driver's license and registration. In response to questioning, Appellant told Benson
that he had been in Waco, Texas for three or four days and that he was traveling to Atlanta, Georgia. 
Benson testified that Appellant appeared nervous as he was answering his questions. 

 Benson also questioned Miller. Miller told Benson that she was going to Atlanta to visit for
a couple of days and that she intended to rent a car to return to Waco. As he was questioning Miller,
Benson noticed the odor of burnt marijuana coming from the vehicle. At that point, Benson asked
Appellant whether he had ever been arrested for anything. Appellant responded that he had
previously been arrested for marijuana possession. Benson then ran a check on Appellant's driver's
license and discovered that his license was under suspension. He also discovered that Appellant had
been previously arrested for marijuana and cocaine possession. Benson proceeded to inform
Appellant that he had noticed the smell of marijuana coming from the vehicle and that he intended
to search the vehicle.

 During the search, Benson discovered $1,425.00 in cash wrapped with a rubber band in the
center console. The money was in small denominations. Benson testified that he felt this was
significant because, in his experience, drug couriers often package cash in this manner. When
Benson searched the trunk, he discovered eleven bricks of marijuana in a luggage bag.

 On cross-examination, Benson stated that as he followed the Stratus, he did not notice it
swerving and that it was proceeding at the posted speed limit. Benson further testified on cross-examination that the roadway was dry and the traffic on Interstate 20 was moderate, rather than
heavy on the evening on March 22. 

 Appellant was charged with possessing five pounds or more but less than fifty pounds of
marijuana. Appellant filed a motion to suppress the evidence seized as a result of the search, which
the trial court denied. A jury convicted Appellant of the offense charged and this appeal followed.


Standard of Review


 In reviewing a trial court's ruling on a motion to suppress, an appellate court should generally
afford almost total deference to a trial court's determination of historical facts supported by the
record, especially when the trial court's fact findings are based on an evaluation of credibility and
demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The identical amount of
deference should be given to the trial court's rulings on application of law to fact questions, if the
resolution of those ultimate questions turns on an evaluation of credibility and demeanor. "The
appellate courts may review de novo 'mixed questions of law and fact' not falling within this
category." Id. 

 In accordance with these principles, de novo review is appropriate when an appellate court
is presented with a question of law based on uncontroverted testimony and there is no indication that
the trial court did not believe that testimony. State v. Ross, 853, 857-58 (Tex. Crim. App. 2000);
Oles v. State, 993 S.W.2d 103, 105-06 (Tex. Crim. App. 1999); Maestas v. State, 987 S.W.2d 59,
62-63 n.8 (Tex. Crim. App. 1999). Here, Benson's version of the facts was uncontroverted and the
trial court's ruling was not contrary to his testimony. Thus, we review the trial court's application
of the law concerning reasonable suspicion and probable cause de novo, while affording almost total
deference to the trial court's determination of the historical facts. Guzman, 955 S.W.2d at 89;
Reynolds v. State, 962 S.W.2d 307, 309 (Tex. App.- Houston [14th Dist.] 1998, pet. ref'd). When,
as here, the trial court does not make explicit findings of historical fact, we view the facts adduced
at the suppression hearing in the light most favorable to the trial court's ruling. Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Vargas v. State, 18 S.W.3d 247, 251 (Tex. App.-
Waco 2000, pet. ref'd).


Initial Traffic Stop


 In issue one, Appellant contends that the trial court erred in granting his motion to suppress
because the initial traffic stop was improper. The State responds that the stop was proper because
Benson had probable cause to believe that Appellant had violated section 545.062(a) of the Texas
Transportation Code, which provides:


 An operator shall, if following another vehicle, maintain an assured clear distance between two
vehicles so that, considering the speed of the vehicles, traffic, and condition of the highway, the
operator can safely stop without colliding with the preceding vehicle or veering into another vehicle,
object, or person on or near the highway. 


Tex. Transp. Code Ann. § 545.062(a) (Vernon 1999). 

Applicable Law

 When, as here, the State detains an individual without a warrant, it bears the burden of
demonstrating the reasonableness of the detention. McVickers v. State, 874 S.W.2d 662, 664 (Tex.
Crim. App. 1993); Russell v. State, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986). Whether a
detention was reasonable is determined from the totality of the circumstances. Woods v. State, 956
S.W.2d 33, 38 (Tex. Crim. App. 1997). An officer may lawfully stop and detain a person for a
traffic violation. McVickers, 874 S.W.2d at 664; Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim.
App. 1992). In this case, the State relies on section 545.062(a) of the Transportation Code to justify
the stop. Thus, the issue is whether the facts articulated by Benson gave him a reasonable basis for
suspecting that Appellant had violated section 545.062(a). Drago v. State, 553 S.W.2d 375, 377-78
(Tex. Crim. App. 1977); Hernandez v. State, 983 S.W.2d 867, 870 (Tex. App.- Austin 1998, pet.
ref'd). 

Analysis

 Appellant complains, in essence, that although the State showed that he was fifteen feet
behind the tractor-trailer, it failed to show that the act of approaching within fifteen feet was unsafe. 
According to Appellant, therefore, the State failed to demonstrate a reasonable basis for the stop. 
Because the State presented evidence that Appellant was following at an unsafe distance, we disagree
with Appellant's contention.

 Benson observed Appellant traveling fifteen feet behind a tractor-trailer while proceeding
at sixty-five miles an hour. Because of Appellant's speed, the time of night, and the flow of traffic,
Benson believed that Appellant was following the tractor-trailer too closely. He testified that deer
cross this section of Interstate 20 causing drivers to brake quickly. Benson stated that because of
Appellant's speed and the distance he was traveling behind the tractor-trailer, Appellant would have
been unable to avoid hitting the tractor-trailer without leaving his lane or the roadway altogether if
the tractor-trailer had stopped quickly. While Benson did testify that the roadway was dry, that
Appellant was proceeding at the posted speed limit and that Appellant was not swerving, such
factors are not determinative of the reasonableness of the traffic stop. In light of all of the
circumstances surrounding the stop, we conclude that Benson's testimony demonstrated that he had
a reasonable basis to suspect that Appellant had violated section 545.062(a). Accordingly, issue one
is overruled. 


Scope of Search


 In issue two, Appellant argues that the trial court erred in denying his motion to suppress
because (1) once Benson wrote out the traffic citation, he had no probable cause to detain Appellant,
and (2) while Benson had probable cause to search the passenger compartment due to the odor of
burnt marijuana, he did not have probable cause to search the trunk or a luggage bag in the trunk. 
The State contends that when Benson detected the smell of marijuana, probable cause to search the
vehicle was not limited to the passenger compartment. 

Applicable Law

 We have previously determined that Benson's initial stop of Appellant was lawful. A traffic
stop is a temporary investigative detention. Josey v. State, 981 S.W.2d 831, 837 (Tex. App.- 
Houston [14th Dist.] 1998, pet. ref'd). During a valid traffic stop, "[r]equests for information
concerning a driver's license, ownership of the vehicle, insurance information, [the driver's]
destination, and the purpose of the trip are all proper inquiries." Ortiz v. State, 930 S.W.2d 849, 856
(Tex. App.- Tyler 1996, no pet.). If, during a valid traffic stop, an officer develops reasonable
suspicion that the detainee was engaged in, or soon would engage in criminal activity, a continued
detention is justified. Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997), citing, Terry
v. Ohio, 392 U.S. 1, 21-22, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889 (1968); Powell v. State, 5 S.W.3d
369, 377 (Tex. App.- Texarkana 1999, pet. ref'd); see also United States v. Bloomfield, 40 F.3d
910, 918 (8th Cir. 1994). 

 With regard to Appellant's contention that probable cause to search the vehicle was limited
to the passenger compartment, we note that when a police officer detects the odor of marijuana,
probable cause exists on that basis alone to search a defendant's person, vehicle, or objects within
the vehicle. See, e.g., Isam v. State, 582 S.W.2d 441, 444 (Tex. Crim. App. [Panel Op.] 1979);
Small v. State, 977 S.W.2d 771, 774-75 (Tex. App.- Fort Worth 1998, no pet.); State v. Ensley, 976
S.W.2d 272, 275 (Tex. App.- Houston [14th Dist.] 1998, pet. ref'd). The odor of marijuana
emanating from a vehicle during a valid traffic stop constitutes sufficient probable cause to search
the vehicle's trunk. Marsh v. State, 684 S.W.2d 676, 679 (Tex. Crim. App. 1984); Hernandez v.
State, 867 S.W.2d 900, 907 (Tex. App.- Texarkana 1993, no pet.).

Analysis 

 The record shows that after Benson conducted the traffic stop, Appellant exited the vehicle
either at Benson's request or on his own. Benson asked to see Appellant's driver's license and
registration and questioned Appellant concerning where he had been and his destination. He then
questioned Miller. While questioning Miller, Benson detected the smell of burnt marijuana
emanating from the vehicle. At that point, Benson had, not only reasonable suspicion to justify
continuing the detention, but also probable cause to search the vehicle, including the trunk. While
not necessary to our determination that probable cause existed to support a search of the trunk, we
note that after Benson smelled the marijuana, he learned that Appellant's driver's license was
suspended and that he had previously been arrested for marijuana and cocaine possession. Then,
during the search of the passenger compartment, he discovered cash that, in his experience, was
packaged in a manner that drug couriers package their cash. Thus, we conclude that probable cause
existed to search Appellant's vehicle, including the trunk, and to seize the marijuana. Issue two is
overruled. 


Conclusion


 Based on the foregoing, we hold that the trial court did not err in denying Appellant's motion
to suppress. Therefore, the judgment of the trial court is affirmed.

Opinion delivered January 30, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.




(DO NOT PUBLISH)