**Affirmed and Memorandum Opinion filed May 15, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-12-01059-CR
NO. 14-12-01060-CR

**ERIC D. MILBURN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause Nos. 1296352 and 1296353**

## M E M O R A N D U M   O P I N I O N

In these two cases, a jury convicted appellant Eric D. Milburn of possession of a controlled substance and being a felon in possession of a firearm. The trial court sentenced appellant to thirty-five years' confinement in the first case and ten years' confinement in the second, with the sentences to run concurrently. Appellant filed notices of appeal claiming that the trial court erred in denying his

motion to suppress, and that the evidence is insufficient to support the court costs assessed in the judgment. We affirm.

## BACKGROUND

Appellant was pulled over by Houston police for failing to come to a complete stop at a stop sign.[1] Appellant was arrested and placed in the back of a patrol car while Officer McMullen searched appellant's vehicle. Officer McMullen testified the basis for the search was the way the defendant was acting and the very strong odor of cocaine coming from the vehicle. Officer McMullen further testified that appellant was under arrest and the search was done to inventory the vehicle. Cocaine and a gun were found inside the vehicle. Appellant was charged with possession of cocaine (Trial Court Cause No. 1296352; Appeal No. 14-12-01059-CR), and being a felon in possession of a firearm (Trial Court Cause No. 1296353; Appeal No. 14-12-01060-CR).

Appellant filed a motion to suppress the items found in the vehicle, contending there was no probable cause for stopping the vehicle, arresting appellant, or searching the vehicle. During Officer McMullen's testimony at trial, the court held a hearing on the motion. The jury heard portions of the officer's testimony regarding the search. The court heard appellant's testimony regarding the search, as well as other portions of the officer's testimony, outside the presence of the jury. The court then denied the motion, stating:

> Specifically, I find that Officer McMullen is credible. I find that he did observe multiple traffic violations, including running the stop sign and failure to signal a lane change. I find that the odor of cocaine is certainly noticeable in this exhibit and that the officer had probable cause to search the vehicle and also, as a result of the arrest on the traffic violations, was required to perform an inventory search.

---

[1] Appellant does not challenge the stop on appeal.

The jury found appellant guilty of both charges, and this appeal followed.

## MOTION TO SUPPRESS

In his first and second issues, appellant contends the trial court erred in denying his motion to suppress because the vehicle search cannot be justified either based on the smell of cocaine or as an inventory search. More specifically, appellant argues in his first issue that because pure cocaine powder has no odor, probable cause to search the vehicle cannot be based on the officer's testimony that he smelled cocaine. As explained below, we disagree and conclude that the record—including the officer's testimony regarding smell—supports the trial court's conclusion that the officer had probable cause to search the vehicle. We therefore do not reach appellant's second issue regarding an inventory search. *See* Tex. R. App. P. 47.1.

In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). In reviewing a trial court's ruling on a motion to suppress, we afford almost total deference to the trial court's determinations of historical facts that are supported by the record, especially when those determinations are based on an evaluation of credibility and demeanor. *State v. Elias*, 339 S.W.3d 667, 673 (Tex. Crim. App. 2011). Because the trial court did not make explicit findings of fact in this case, we review the evidence in a light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported in the record that buttress its ruling. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007).

The same amount of deference should be afforded to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of

3

credibility and demeanor. *Id.* Mixed questions not falling within this category are reviewed *de novo*. *Id.* We view the evidence in the light most favorable to the trial court's ruling. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). We will uphold the court's ruling if it is correct under any theory of law applicable to the case. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

Under the automobile exception to the Fourth Amendment's warrant requirement, "an officer may conduct a warrantless search of a motor vehicle if the officer has probable cause to believe the vehicle contains evidence of a crime." *Powell v. State*, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994). An officer who has a reasonable suspicion that a driver committed a traffic violation may detain that driver to investigate the violation, and if during the detention the officer develops probable cause to believe the vehicle contains contraband, the officer may search the vehicle for that contraband. *Taylor v. State*, 20 S.W3d 51, 56 (Tex. App.—Texarkana 2000, pet. ref'd). Probable cause exists when reasonably trustworthy facts and circumstances within the knowledge of the officer would lead a person of reasonable caution and prudence to believe that an instrumentality of a crime or evidence will be found. *Parker v. State*, 206 S.W.3d 593, 597 (Tex. Crim. App. 2006).

Officer McMullen testified that as appellant "rolled down the driver's side window, the smell of cocaine slapped me on my face." He stated that it was a "very strong odor," and that appellant "was acting really, really nervous and anxious" and did not make eye contact with him. Further, Officer McMullen testified that he knew what cocaine smells like and had taken classes regarding the recognition of drugs by smell. He stated that he had been around large quantities of cocaine in his experience as a police officer. The trial judge was asked to smell the exhibit and found "the odor of cocaine is certainly noticeable." We conclude

that these circumstances, taken together, support the trial court's probable cause determination.

It is well settled, and appellant does not dispute, that the odor of contraband can provide probable cause to search an automobile. *Isam v. State*, 582 S.W.2d 441, 444 (Tex. Crim. App. 1979); *Moulden v. State*, 576 S.W.2d 817, 819 (Tex. Crim. App. 1978); *Jordan v. State*, 394 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *Ben v. State*, No. 01-03-00426-CR, 2004 WL 966337, at *4 (Tex. App.—Houston [1st Dist.] May 6, 2004, pet. ref'd) (mem. op., not designated for publication) ("the odor of fresh crack cocaine constituted probable cause to search the entire vehicle"); *Herrera v. State*, 14-02-00620-CR, 2003 WL 21710357, *7 (Tex. App.—Houston [14th Dist.] July 24, 2003, no pet.) (mem. op., not designated for publication); *see also Estrada*, 154 S.W.3d at 609 ("the 'odor of an illegal substance' may be a factor that police officers use in determining there is probable cause that an offense has been or is being committed"). Frequently, the odor detected is not that of the substance in its pure form but is the smell of chemicals used in manufacturing or processing the contraband. Numerous cases have relied on the smell of such chemicals in holding that probable cause existed. *Davis v. State*, 202 S.W.3d 149, 155 (Tex. Crim. App. 2006) (affidavit supported probable cause where officer detected strong chemical odor associated with manufacture of methamphetamine emitting from the residence); *Pair v. State*, 184 S.W.3d 329, 332 (Tex. App.—Fort Worth 2006, no pet.) (officer smelled strong ether-like odor he recognized as commonly associated with manufacture of methamphetamine); *see also Narano v. State*, 01-91-00936-CR, 1992 WL 336446, at *1–4 (Tex. App.—Houston [1st Dist.] Nov. 17, 1992, no pet.) (mem. op, not designated for publication) (officer detected distinct odor of ether, used to dry cocaine); *Stone v. State*, B14-89-01067-CR, 1991 WL 100594, at *2, *4 (Tex.

App.—Houston [14th Dist.] June 13, 1991, no pet.) (mem. op., not designated for publication) (officer detected odor associated with the ephedrine hydrochloride manufacturing process for methamphetamine).

Appellant relies upon testimony by a chemist with the City of Houston Police Department Crime Lab that pure cocaine is odorless. The chemist testified that the powder or salt form of cocaine has a smell from the hydrochloric acid used to convert the crack form of cocaine into the more stable powder form. He agreed that cocaine in its purest form does not have an odor, and that what is smelled when the cocaine is in powder form is the hydrochloric acid. He testified that it can be smelled even if the cocaine is in a sealed plastic bag. The chemist said he would be comfortable identifying an odor as smelling like cocaine. He also testified that because hydrochloric acid is also used in "pool acid," its smell is comparable to that of chlorine from a pool.

Based on this evidence, appellant argues that the smell detected by the officer was that of potentially legal chemicals, which could not support probable cause to search his vehicle.[2] We disagree for two reasons. First, the chemist's testimony was not before the trial court when it ruled on the motion to suppress. That testimony occurred later in the trial.

Second, the chemist did not testify that the odor of powder cocaine is indistinguishable from that of pool acid, nor did appellant develop any evidence about the possibility of mistaking the smell of pool acid for powder cocaine. Appellant does not dispute that processed cocaine has an odor, or that the cocaine

---

[2] Appellant relies on *Pool v. State*, 157 S.W.3d 36, 45–46 (Tex. App.—Waco 2004, no pet.), which held that the smell of unidentified "chemicals" did not provide probable cause to search a home. *Pool* is inapplicable here because the rule for probable cause to search based on odor is different in the vehicular context, *see Jordan*, 394 S.W.3d at 64, and the testimony of Officer McMullen specified that the odor he smelled was that of cocaine.

in this case was processed and had an odor. The record shows that the chemist and Officer McMullen were comfortable identifying an odor as that of cocaine, just as witnesses have in many other cases.[3] Moreover, as discussed above, the odors of various chemicals that have other uses are associated with processing controlled substances, and other courts have relied on those odors to support a determination of probable cause.

Applying this authority here, we conclude that the totality of the circumstances surrounding Officer McMullen's investigation—including the strong odor of cocaine—support implied fact findings that show the officer had probable cause to search appellant's vehicle. Accordingly, the trial court did not err in denying appellant's motion to suppress, and we overrule his first issue.

---

[3] *E.g., Blackman v. State*, 349 S.W.3d 10, 21 (Tex. App.—Houston [1st Dist.] 2009), *rev'd on other grounds*, 350 S.W.3d 588 (Tex. Crim. App. 2011) (officer testified cocaine generally has very strong, chemical odor); *Villarreal Lopez v. State*, 267 S.W.3d 85, 90 (Tex. App.—Corpus Christi 2008, no pet.) (both officers testified that cocaine emitted strong odor, which they smelled upon opening trunk); *Black v. State*, 739 S.W.2d 638, 642 (Tex. App.—Dallas 1987, no pet.) (officer testified cocaine has its own odor); *Cannon v. State*, 06-11-00178-CR, 2012 WL 3792757, at *1 (Tex. App.—Texarkana Sept. 4, 2012, pet. ref'd) (mem. op., not designated for publication) (officer opened air cleaner box and immediately smelled odor of cocaine); *Powell v. State*, 04-11-00495-CR, 2012 WL 3597199, at *4 (Tex. App.—San Antonio Aug. 22, 2012, no pet.) (mem. op., not designated for publication) (officers experienced in drug trafficking described odor of cocaine emanating from compartment); *Johnson v. State*, 01-10-00460-CR, 2011 WL 2624008, at *2 (Tex. App.—Houston [1st Dist.] June 30, 2011, pet. ref'd) (mem. op., not designated for publication) (officer testified that large quantity of cocaine has distinctive "chemical" smell); *Ruiz v. State*, 01-06-00018-CR, 2006 WL 3438564, at *3 (Tex. App.—Houston [1st Dist.] Nov. 30, 2006, no pet.) (mem. op., not designated for publication) (officer smelled overwhelming and distinct odor of cocaine when appellant was stopped for traffic violation); *Gonzalez v. State*, 01-00-01154-CR, 2001 WL 1382267, at *2 (Tex. App.—Houston [1st Dist.] Nov. 8, 2001, pet. ref'd) (evidence affirmatively linking appellant to cocaine included strong odor of cocaine).

## COURT COSTS

Appellant's third issue asserts the costs reflected in the judgments are not supported by sufficient evidence. The records in both cases have been supplemented with bills of costs. *See Johnson v. State*, 423 S.W.3d 385, 391 (Tex. Crim. App. 2014). Although the bills of costs were prepared after the court signed the judgments, they must be considered in determining whether the costs are supported by facts in the record. *Id.* at 394–95. Appellant does not contend these documents fail to meet the requirements to be considered proper bills of costs, nor does he challenge any specific cost or the basis for assessment of that cost. Accordingly, we hold that in both cases the bills of costs support the costs assessed in the judgments. Appellant's third issue is overruled.

## CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.


/s/     J. Brett Busby
        Justice


Panel consists of Justices McCally, Busby, and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).