# NO. 12-19-00078-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CARLTON RAY TARKINGTON,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 3* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Carlton Ray Tarkington appeals his conviction for harassment with a previous conviction. In two issues, Appellant challenges the trial court's denial of his motion to quash the indictment and the sufficiency of the evidence. We affirm.

### BACKGROUND

Appellant was charged by information with harassment with a previous conviction. The information further alleged that Appellant was convicted of a felony offense before the commission of the charged offense. He filed a motion to quash the indictment alleging that the harassment statute is unconstitutionally vague. After a hearing, the trial court denied the motion to quash. Appellant pleaded "no contest" to the charge with the understanding that he could raise the constitutional issue on appeal. To substantiate the plea, the State attested that it would call the victim and investigators as witnesses to show Appellant sent the victim over one thousand emails in thirty-nine days. The State read some of the "highlights" of the emails, which include vulgar name calling and threats of death, prison, and foster care directed at the victim and her children. The trial court found the purported evidence sufficient to substantiate a guilty plea and assessed Appellant's punishment at confinement for 350 days. This appeal followed.

In Appellant's first issue, he argues that the trial court erred by denying his motion to quash the information because the harassment statute is unconstitutional facially and as applied in this case.

**Standard of Review and Applicable Law**

Whether a statute is facially constitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). When a statute's constitutionality is attacked, we usually begin with the presumption that the statute is valid and the legislature did not act unreasonably or arbitrarily. *Id.* at 14-15. The party challenging the statute normally has the burden to establish its unconstitutionality. *Id.* at 15. To prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally in all possible circumstances. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013).

A penal statute is void for vagueness if it fails to define the offense (1) with sufficient definiteness that ordinary people can understand what conduct is prohibited, and (2) in a manner that does not permit arbitrary and discriminatory enforcement. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007). Ordinarily, a criminal defendant who challenges a statute as unduly vague must show that it is vague as applied to the conduct for which he was charged. *Scott v. State*, 322 S.W.3d 662, 665 n.3 (Tex. Crim. App. 2010) *abrogated on other grounds by Wilson v. State*, 448 S.W.3d 418, 422 (Tex. Crim. App. 2014); *Bynum v. State*, 767 S.W.2d 769, 774 (Tex. Crim. App. 1989). However, if the challenged statute, as authoritatively construed, is susceptible of application to speech guaranteed by the First Amendment, then the defendant is permitted to argue that the statute is overbroad on its face because it is unclear whether it regulates a substantial amount of protected speech. *Scott*, 322 S.W.3d at 665 n.3; *United States v. Williams*, 553 U.S. 285, 304, 128 S. Ct. 1830, 1845, 367, 170 L. Ed. 2d 650 (2008). This exception's justification is that the continued existence of the statute in unnarrowed form would tend to suppress constitutionally protected rights. *Scott*, 322 S.W.3d at 665 n.3; *Gooding v. Wilson*, 405 U.S. 518, 520-521, 92 S. Ct. 1103, 1105, 31 L. Ed. 2d 408 (1972). A statute may be challenged as overbroad in violation of the First Amendment's Free Speech Clause if, in addition to proscribing activity that may constitutionally be forbidden, it sweeps within its coverage a substantial amount of expressive activity that is protected by the First Amendment. *Morehead v. State*, 807 S.W.2d 577, 580 (Tex. Crim. App. 1991).

The penal code provides the following:

(a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person:

. . . .

   (7) sends repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

TEX. PENAL CODE ANN. § 42.07(a)(7) (West Supp. 2019).

## Analysis

In Appellant's motion to quash, he contended that penal code Section 42.07(a)(7) violates the First and Fourteenth Amendments to the United States Constitution both facially and as applied in his case because its meaning is unconstitutionally vague. Specifically, he contended that the phrase "in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another," is unconstitutionally vague because "it is impossible for a citizen to know what, in the disjunctive, is meant by this statute's series of vague terms." Appellant further attributed vagueness to the standard of reasonableness, arguing that, "the statute does not establish clear standards for whose sensibilities are to be offended and what it might take to offend any persons [sic] sensibilities." Finally, Appellant argued that the term "repeated" is unconstitutionally vague because the statute does not specify the number of communications or the period of time within which the communications must be made to be deemed "repeated."

On appeal, Appellant reiterates his argument that the terms within the phrase "in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another" are unconstitutionally vague as applied in his case. Regarding the word "repeated," Appellant acknowledges that the court of criminal appeals's analysis of that word in Section 42.07(a)(4) is persuasive in this case. *See* TEX. PENAL CODE ANN. § 42.07(a)(4) (prohibiting harassment via repeated telephone communications); *Wilson v. State*, 448 S.W.3d at 424 ("repeated" means more than one and temporal relationship is unnecessary to definition). Appellant further argues that the statute is unconstitutionally vague because it fails to provide guidelines for law enforcement and is not sufficiently definite to avoid chilling protected expression. *See Long v. State*, 931 S.W.2d 285, 287 (Tex. Crim. App. 1996). Although Appellant does not use the word "overbreadth" in his arguments, we interpret his arguments to include a facial overbreadth challenge. *See Ex parte*

*Marascio*, 471 S.W.3d 832, 842 (Tex. Crim. App. 2015) ("magic words" unnecessary to preserve complaint for appeal).

At least five of our sister courts have addressed whether Section 42.07(a)(7) is vague and overbroad in violation of the First Amendment's free speech guarantee. Four of those courts applied the court of criminal appeals's reasoning in *Scott* and rejected the challenges. *See Lebo v. State*, 474 S.W.3d 402, 408 (Tex. App.—San Antonio 2015, pet. ref'd); *Ex parte Hinojos*, No. 08-17-00077-CR, 2018 WL 6629678, at *5-6 (Tex. App.—El Paso, Dec. 19, 2018, pet. ref'd) (op., not designated for publication); *Ex parte Reece*, No. 11-16-00196-CR, 2016 WL 6998930, at *3 (Tex. App.—Eastland Nov. 30, 2016, pet. ref'd) (mem. op., not designated for publication); *Blanchard v. State*, No. 03-16-00014-CR, 2016 WL 3144142, at *3-4 (Tex. App.—Austin, June 2, 2016, pet. ref'd) (mem. op., not designated for publication). In *Scott*, the appellant argued that Section 42.07(a)(4) is vague and overbroad in violation of the First Amendment's free speech guarantee. *See Scott*, 322 S.W.3d at 665. Section 42.07(a)(4) provides the following:

> (a) A person commits an offense if, with intent to harass, annoy, alarm, abuse, torment, or embarrass another, the person:
>
> . . . .
>
> > (4) causes the telephone of another to ring repeatedly or makes repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another.

TEX. PENAL CODE ANN. § 42.07(a)(4). The court of criminal appeals held that Section 42.07(a)(4) does not implicate the First Amendment's free speech guarantee because it is susceptible of application only to communicative conduct that invades the substantial privacy interests of another in an essentially intolerable manner. *See Scott*, 322 S.W.3d at 669-70.

Like our four sister courts, we apply the court of criminal appeals's reasoning in *Scott* and reject the Appellant's facial vagueness and overbreadth challenges to Section 42.07(a)(7). *See Lebo*, 474 S.W.3d at 408; *Hinojos*, 2018 WL 6629678, at *5-6; *Reece*, 2016 WL 6998930, at *3; *Blanchard*, 2016 WL 3144142, at *3-4; *contra Ex parte Barton*, 586 S.W.3d 573, 585 (Tex. App.—Fort Worth 2019, pet. granted). Because Section 42.07(a)(7) is susceptible of application only to communicative conduct that invades the substantial privacy interests of another in an essentially intolerable manner, we conclude that it does not implicate the First Amendment's free

speech guarantee. *See Scott*, 322 S.W.3d at 669-70. Accordingly, we overrule Appellant's first issue regarding facial vagueness and overbreadth.

Regarding Appellant's as applied vagueness challenge, he fails to establish that Section 42.07(a)(7) is unconstitutionally vague as applied in this case. In support of his argument, Appellant cites a 1983 Fifth Circuit opinion that held a prior version of the harassment statute unconstitutionally vague. *See Kramer v. Price*, 712 F.2d 174, 178 (5th Cir. 1983). However, the harassment statute has since been revised in a way that remedies the constitutional infirmity denounced in *Kramer*.

The version of Section 42.07 addressed in *Kramer* provided that

> (a)  [a] person commits an offense if he intentionally:
>
>   (1)  communicates by telephone or in writing in vulgar, profane, obscene, or indecent language or in a coarse and offensive manner and by this action intentionally, knowingly, or recklessly annoys or alarms the recipient[.]

*See id.* at 176. The court held that version of the statute was unconstitutionally vague because it did not specify on whose sensitivity a violation depended—that of the judge, jury, arresting officer, or hypothetical reasonable man. *See id.* at 177-78. However, in the current Section 42.07(a)(7), the phrase "in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another" provides the specificity the prior version lacked. Under this version, a violation depends on the sensitivity of the hypothetical reasonable man. *See* TEX. PENAL CODE ANN. § 42.07(a)(7); *see also Scott*, 322 S.W.3d at 669 (same language in Section 42.07(a)(4) "requires that the actor make those telephone calls in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend an average person").

Furthermore, the terms in the challenged phrase have commonly understood definitions that are relevant in this context. *See Scott*, 322 S.W.3d at 669 n.13. "Harass" means "to annoy persistently." *See id.* "Annoy" means to "wear on the nerves by persistent petty unpleasantness." *See id.* "Alarm" means "to strike with fear." *See id.* "Abuse" means "to attack with words." *See id.* "Torment" means "to cause severe distress of the mind." *See id.* "Embarrass" means "to cause to experience a state of self-conscious distress." *See id.* "Offend" means "to cause dislike, anger, or vexation." *See id.* Because the current Section 42.07(a)(7) defines harassment with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that

5

does not permit arbitrary and discriminatory enforcement, we conclude that it is not void for vagueness as applied in this case. *See Lawrence*, 240 S.W.3d at 915. Accordingly, we overrule Appellant's first issue regarding as applied constitutionality. *See Lo*, 424 S.W.3d at 15.

## EVIDENTIARY SUFFICIENCY

In his second issue, Appellant argues that the evidence is insufficient to support his punishment for Class A harassment. The penal code provides that

> (c) [a]n offense under [Section 42.07] is a Class B misdemeanor, except that the offense is a Class A misdemeanor if:
>
> (1) the actor has previously been convicted under this section[.]

TEX. PENAL CODE ANN. § 42.07(c)(1) (West Supp. 2019). The code further provides that

> (a) [i]f it is shown on the trial of a Class A misdemeanor that the defendant has been before convicted of a Class A misdemeanor or any degree of felony, on conviction he shall be punished by:
> (1) a fine not to exceed $4,000;
> (2) confinement in jail for any term of not more than one year or less than 90 days; or
> (3) both such fine and confinement.

*Id*. § 12.43(a) (West 2019). Because there is no evidence, stipulation of evidence, or pleas of true in the record regarding Appellant's previous harassment and felony convictions, he contends that we should reverse and remand his case for a new Class B punishment trial. We disagree.

When a defendant pleads "guilty" or "no contest" to a misdemeanor offense before the trial court, the court is not required to hear evidence on the plea. *Brown v. State*, 507 S.W.2d 235, 238 (Tex. Crim. App. 1974); *see also* TEX. CODE CRIM. PROC. ANN art. 27.02(5) (West 2006) (nolo contendere plea has same legal effect as guilty plea). By such a plea, the defendant admits every element of the offense charged. *Brown*, 507 S.W.2d at 238. Therefore, if a prior harassment conviction under Section 42.07 is an element of Class A harassment, Appellant admitted he had such a conviction when he pleaded "no contest" to the charge.

Based on the court of criminal appeals's analysis of a similar statute, we conclude that a prior harassment conviction under Section 42.07 is an element of Class A harassment. *See Calton v. State*, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005). In *Calton*, the court analyzed whether a

prior evading arrest conviction under Section 38.04 was an element of third-degree felony evading arrest under Section 38.04, which provided that

> (b) [a]n offense under this section is a Class B misdemeanor, except that the offense is:
>
> . . . .
>
> (2) a felony of the third degree if:
>
> (a) the actor uses a vehicle while the actor is in flight and the actor has been previously convicted under this section[.]

*Id.* Noting that Section 38.04 unambiguously "defines third-degree evading arrest as occurring when the actor has previously been convicted of evading arrest," the court held that "[t]he plain language of § 38.04 reveals that a prior conviction for evading arrest is an element of the offense of third-degree evading arrest." *Id.*

Because Section 42.07(c)(1) is structured so similarly to Section 38.04, we conclude that it unambiguously defines Class A misdemeanor harassment as occurring when the actor was previously convicted of harassment, and therefore, a prior conviction for harassment under Section 42.07 is an element of Class A misdemeanor harassment. *See id.* Because a prior conviction for harassment under Section 42.07 is an element of Class A misdemeanor harassment, Appellant admitted he had such a prior conviction when he pleaded "no contest." *Brown*, 507 S.W.2d at 238; TEX. CODE CRIM. PROC. ANN art. 27.02(5). Therefore, we conclude that the evidence is sufficient to support Appellant's conviction and sentence for Class A harassment. Accordingly, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered March 18, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 18, 2020**

**NO. 12-19-00078-CR**

**CARLTON RAY TARKINGTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No. 3
of Smith County, Texas (Tr.Ct.No. 003-82098-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*